J-S79020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN SAFAROWICZ | |
| Appellant | No. 74 EDA 2014 |

Appeal from the PCRA Order December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008648-2009

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 28, 2015**

Appellant, John Safarowicz, appeals *pro se* from the order entered on December 6, 2013, dismissing his first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We have previously summarized the underlying facts of this case:

> This case involves an investigation by the Philadelphia Police Department's Internal Affairs Division; at the conclusion of the investigation, [Appellant], a Philadelphia Police Officer, was arrested.  Following a jury trial, [Appellant] was convicted of official oppression, criminal mischief, and two counts of terroristic threats.[1] . . .  The facts of this case, as [adduced at trial] are as follows:
>
> On September 20, 2008, Ryan and Shane Brody beat up [Appellant's] brother-in-law, John Benham.  The police arrested Ryan and Shane Brody that night.  The following

---

[1] 18 Pa.C.S.A. §§ 5301(1), 3304(a)(4), and 2706(a)(1), respectively.

*Retired Senior Judge assigned to the Superior Court.

evening at approximately 8:30 p.m., [Appellant] knocked on the door of 4110 Merrick Street and said "Philadelphia Police! Open up!" [Appellant] was off duty at the time and had no official business at the house. . . .

The complainants, Thomas Maisch and Sarah Livingston[,] were inside 4110 Merrick Street when [Appellant] knocked on the door. Before allowing [Appellant] to enter the house, the complainants requested to see [Appellant's] badge. [Appellant] held up his police badge to the outer glass door. Maisch and Livingston looked at the badge. Although they did not want to open the door, Maisch and Livingston believed the badge was a police officer badge so they opened the door. After Maisch and Livingston opened the door, [Appellant] entered the house and asked where [Ryan and Shane Brody] were. After Maisch told [Appellant] that both the Brodys were in jail, [Appellant] hit Maisch in the face. In response, the complainants pushed [Appellant] out of the house and locked the door. [Appellant] subsequently stood on the porch and smashed a toolbox against a glass window. The toolbox shattered the window. [Appellant] also damaged the [complainants'] patio chairs and yelled "I'm going to kill youse [sic] . . . no one messes with my brother-in-law. You're messing with the wrong person." Fearful, [Livingston] ran upstairs and called 911.

Appellant was found guilty of two counts of terroristic threats, one count of official oppression, and one count of criminal mischief. On July 16, 2010, [Appellant] was sentenced to concurrent terms of two years' probation for the terroristic threats convictions. No further penalties were imposed for the remaining charges.

*Commonwealth v. Safarowicz*, 40 A.3d 191 (Pa. Super. 2011) (unpublished memorandum) (internal footnotes and citations omitted) at 1-4, *appeal denied*, 42 A.3d 1060 (Pa. 2012).

On December 14, 2011, this Court affirmed Appellant's judgment of sentence and, on May 1, 2012, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Id.*

On June 14, 2012 – which was approximately one month before Appellant's probationary term expired – Appellant filed the current PCRA petition. *See* Appellant's Reply to Commonwealth's Motion to Dismiss, 10/1/12, at 5 ("[Appellant] was sentenced by the court on July 16, 2010. His sentence called for two years [of] probation. Accordingly, [Appellant's] sentence would conclude as of July 16, 2012, assuming no violations of probation (of which [Appellant] had none)."). Within this petition, Appellant claimed that he was entitled to post-conviction collateral relief because the Commonwealth "violated *Brady v. Maryland*, 373 U.S. 83 (1963)[,] when it failed to disclose the existence of an agreement between the Philadelphia [County] District Attorney's Office and John L. Benham, III, JoAnne Benham, and Ryan Brody, Shane Brody[,] and Jocelyn Hayes[2] to [Appellant] and his attorney." Appellant's PCRA Petition, 6/14/12, at 9. Specifically, Appellant claimed, the Philadelphia County District Attorney's Office had come to an agreement with the above-named individuals, whereby the Commonwealth agreed that it would not prosecute Appellant for assaulting Thomas Maisch and Sarah Livingston **if** John Benham agreed "that the cases against Ryan

---

[2] Jocelyn Hayes was arrested along with Shane and Ryan Brody, for assaulting John Benham.

- 3 -

Brody and Jocelyn Hayes [would] be dismissed and Shane Brody would plead to a minor assault charge and receive a minimal amount of probation," with respect to the assault upon John Benham.  *Id.* at 9-14.  As to why Appellant did not attempt to raise the above claim on direct appeal, Appellant declared that, "[w]hile [Appellant] was aware that something transpired in [the trial court] on February 5, 2009, it was not until after the first trial was already over and the matter was on direct appeal that this information truly came to light.  In other words[,] the information was not available at the time of trial, approximately two [] years ago." *Id.* at 9.

However, within Appellant's PCRA petition, Appellant neither notified the PCRA court that his probationary term was soon to expire nor requested that the PCRA court conduct an expedited review of his PCRA petition.

On July 16, 2012, Appellant's probationary term expired and Appellant was, thus, no longer "serving a sentence of imprisonment, probation[,] or parole for the crime."  42 Pa.C.S.A. § 9543(a)(1)(i); Appellant's Reply to Commonwealth's Motion to Dismiss, 10/1/12, at 5.  As a result, the Commonwealth filed a motion to dismiss Appellant's PCRA petition, reasoning that – since Appellant was no longer "serving a sentence of imprisonment, probation[,] or parole for the crime" – Appellant was no longer eligible for relief under the PCRA.  **See** 42 Pa.C.S.A. § 9543(a)(1)(i). Appellant responded to the Commonwealth's motion to dismiss by claiming that, with respect to individuals, like him, who were or are serving short sentences, "the current state of the law [is] unfair, unjust[,] and sets up a

complete violation of [a] petitioner's rights to have the court address his constitutional claims in the context of a [PCRA p]etition." Appellant's Reply to Commonwealth's Motion to Dismiss, 10/1/12, at 5.

As the PCRA court explained:

> On January 4, 2013, the [PCRA] court sent [Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, that it intended to dismiss Appellant's PCRA petition] on February 5, 2013.
>
> On February 7, 2013, [Appellant] . . . asked the PCRA court not to dismiss the PCRA petition until the Supreme Court decided [**Commonwealth v. Turner**, 80 A.3d 754 (Pa. 2013)]. The PCRA court agreed to defer its decision. . . .
>
> On November 22, 2013, the Pennsylvania Supreme Court decided **Turner** [and held that Section 9543(a)(1)(i) of the PCRA was constitutional, even as applied to individuals serving short sentences, because "due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." **Turner**, 80 A.3d at 765. Therefore, on December 6, 2013, the PCRA court dismissed Appellant's PCRA petition].

PCRA Court Opinion, 4/4/14, at 2-3.

Appellant filed a timely, *pro se* notice of appeal.[3] Appellant now raises the following claims to this Court:[4]

_____

[3] On February 24, 2014, this Court granted PCRA counsel's petition to withdraw his appearance and we remanded the case to the PCRA court, to determine whether Appellant was eligible for court-appointed counsel. Order, 2/24/14, at 1. Appellant responded by filing a letter with this Court, indicating that he did not wish to be represented by counsel on appeal. Appellant's Letter, 3/3/14, at 1. Therefore, on July 21, 2014, this Court remanded the case to the PCRA court and instructed the court "to conduct an on-the-record determination as to whether Appellant's waiver of counsel
*(Footnote Continued Next Page)*

[1.] Whether [42 Pa.C.S.A. §] 9543(a)(1)(i) of the [PCRA] is unconstitutional as applied to Appellant?

[2.] Whether the dismissal of the PCRA [petition] violates the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Pennsylvania Constitution in that the unavailability at the time of trial of exculpatory evidence that has subsequently become available [] would have changed the outcome of the trial if it had been introduced. . . ?

Appellant's Brief at 7.

As we have stated:

[T]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by [the] evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party.

***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain

_(Footnote Continued)_ ─────────────

is knowing, intelligent[,] and voluntary, pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998)." Order, 7/21/14, at 1. On September 19, 2014, the PCRA court entered an order declaring: "after conducting a ***Grazier*** hearing on August 27, 2014, [the PCRA] court hereby notifies the Superior Court of Pennsylvania that [Appellant] has knowingly, intelligently, and voluntarily waived his right to counsel for the appeal." PCRA Court Order, 9/19/14, at 1.

[4] The PCRA court did not require that Appellant file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and Appellant did not file a Rule 1925(b) statement on his own accord.

collateral relief." 42 Pa.C.S.A. § 9542. In relevant part, Section 9543 of the PCRA provides:

> **(a) General rule.** - To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime . . .

42 Pa.C.S.A. § 9543(a)(1)(i).

Appellant has admitted that he is not "currently serving a sentence of imprisonment, probation or parole" for his convictions. Indeed, Appellant admitted that his probationary sentence expired on July 16, 2012 – well before the PCRA court dismissed his PCRA petition in December 2014. ***See*** Appellant's Reply to Commonwealth's Motion to Dismiss, 10/1/12, at 5. Nevertheless, Appellant claims that 42 Pa.C.S.A. § 9543(a)(1)(i) violates his procedural due process right to be heard because "[t]he Commonwealth withheld exculpatory information[, and the] information did not become available until" Appellant's case was on direct appeal. Appellant's Brief at 14; Appellant's PCRA Petition, 6/14/12, at 9 ("[w]hile [Appellant] was aware that something transpired in [the trial court] on February 5, 2009, it was not until after the first trial was already over and the matter was on direct appeal that this information truly came to light"). Appellant's claim fails, as

our Supreme Court has already rejected the very claim that Appellant brings before this Court.

In **Turner**, Ms. Turner was convicted of conspiracy to deliver a controlled substance and was sentenced to two years of reporting probation. **Turner**, 80 A.3d at 758. Ms. Turner did not file a direct appeal from her judgment of sentence; instead, Ms. Turner filed a PCRA petition and raised ineffective assistance of counsel claims. **Id.**

Ms. Turner filed a number of amended or supplemental PCRA petitions in the lower court – and did so until 11 days before her probationary sentence was to be completed. **Id.** When Ms. Turner's sentence was complete, the Commonwealth filed a motion to dismiss the PCRA petition, claiming that, because Ms. Turner was no longer serving her sentence of probation, Ms. Turner was no longer eligible for relief under the PCRA. **Id.** The PCRA court refused to dismiss the petition because, the PCRA court reasoned, "barring [Ms. Turner] from obtaining collateral relief on her timely claim of trial counsel ineffectiveness because she had completed serving her sentence, as Section 9543(a)(1)(i) requires, would violate [Ms. Turner's] constitutional due process right to be heard on this issue." **Id.** at 757-758. The Commonwealth appealed the PCRA court's final order in the case and our Supreme Court reversed the PCRA court's order.

Our Supreme Court rejected Ms. Turner's claim that, as applied to her, Section 9543(a)(1)(i) violated her procedural due process right to be heard. As our High Court explained:

We agree with the Commonwealth that due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence. Analogously, because the common law and statutory writ of *habeas corpus* in federal court challenges the basis of criminal conviction and custody, it requires that a petitioner be in custody before *habeas* jurisdiction can attach. ***Preiser v. Rodriguez***, 411 U.S. 475, 484 (1973) (providing that the essence of the common law writ of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody); ***U.S. ex rel. Dessus v. Com. of Pa.***, 452 F.2d 557, 559-560 (3rd Cir. 1971) ("the *sine qua non* of federal *habeas corpus* jurisdiction is that petitioner be 'in custody' . . . ." even as to claims of constitutional dimension: "Thus, custody is the passport to federal *habeas corpus* jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal *habeas* jurisdiction." . . . Accordingly, because [Ms. Turner's] liberty is no longer burdened by a state sentence, she has no due process right to collateral review of that sentence.

Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. 42 Pa.C.S.A. § 9543(a)(1)(i). Of course, the legislature was free to extend a statutory right of collateral review to individuals like [Mrs. Turner] who had completed their sentence and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. . . . However, the legislature did not do so. Rather, the General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.

The legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that

defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state sentence. **See** [**Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997)] (petitioner ineligible for PCRA relief where, following filing of PCRA petition and pending hearing, he was unconditionally released from prison). The legislature's exclusion from collateral relief of individuals whose liberty is no longer restrained is consistent with the eligibility requirements of *habeas corpus* review under the general state *habeas corpus* statute, 42 Pa.C.S.A. § 6501, *et seq*. . . .

The PCRA provides eligibility for relief for cognizable claims, *see* 42 Pa.C.S.A. § 9543(a)(2), including claims of ineffective assistance of trial counsel, and is the sole means of obtaining collateral relief in Pennsylvania. Petitioners are required to satisfy, *inter alia,* the criteria for eligibility for relief, *see* 42 Pa.C.S.A. § 9543, and the timeliness restrictions, [42 Pa.C.S.A. §] 9545. By further limiting the eligibility for relief under the PCRA to petitioners serving sentences, our legislature chose not to create any statutory entitlement to collateral review for defendants who have completed their sentences.

We therefore find no support for the PCRA court's conclusion or [Ms. Turner's] argument that this legislative enactment runs afoul of due process, as due process does not afford relief absent a protected liberty interest.

**Turner**, 80 A.3d at 765-767 (internal footnotes omitted) (some internal citations omitted).

Further, we note that, in the case at bar, Appellant admitted that he knew of the underlying "facts" that supported his alleged **Brady** claim while the case was on direct appeal to this Court. Appellant's PCRA Petition, 6/14/12, at 9 ("[w]hile [Appellant] was aware that something transpired in [the trial court] on February 5, 2009, it was not until after the first trial was already over and the matter was on direct appeal that this information truly

came to light"). Nevertheless, and even though Appellant knew that he was serving a short sentence, Appellant chose to file a petition for allowance of appeal with our Supreme Court, thus limiting the amount of time he would have to file and litigate a PCRA petition.

Moreover, our Supreme Court denied Appellant's petition for allowance of appeal on May 1, 2012 – two-and-a-half months before Appellant's sentence was to expire. However, Appellant waited until June 14, 2012 to file his current PCRA petition and, within this petition, Appellant did not notify the PCRA court that his probationary term was soon to expire and Appellant did not request that the PCRA court conduct an expedited review of his PCRA petition.

Therefore, in accordance with our Supreme Court's opinion in **Turner**, we conclude that Section 9543(a)(1)(i) does not offend Appellant's procedural due process rights and that the PCRA court properly dismissed Appellant's petition, as Appellant is not eligible for relief under our PCRA.[5]

Order affirmed.

---

[5] Appellant's second numbered argument on appeal concerns the merits of Appellant's substantive claim – that the Commonwealth "violated **Brady v. Maryland**, 373 U.S. 83 (1963)[,] when it failed to disclose the existence of an agreement between the Philadelphia [County] District Attorney's Office and John L. Benham, III, JoAnne Benham, and Ryan Brody, Shane Brody[,] and Jocelyn Hayes to [Appellant] and his attorney." **See** Appellant's Brief at 15-19. However, since we have concluded that Appellant is not eligible for relief under the PCRA, we need not analyze Appellant's second claim on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/28/2015</u>