J-S51027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA BROWN | |
| Appellant | No. 1481 EDA 2014 |

Appeal from the PCRA Order April 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0611381-2003

\*\*\*\*\*

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONNELL THOMAS | |
| Appellant | No. 1491 EDA 2014 |

Appeal from the PCRA Order April 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0910121-2002

\*\*\*\*\*

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMAL THOMAS | |
| Appellant | No. 1501 EDA 2014 |

Appeal from the PCRA Order April 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1108481-2002

*****

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

WILLIAM LINCOLN

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1541 EDA 2014

Appeal from the PCRA Order April 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1212651-2001

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 16, 2015**

Joshua Brown, Donnell Thomas, Jamal Thomas, and William Lincoln appeal from separate orders,[1] entered in the Court of Common Pleas of Philadelphia County, which denied their individual petitions filed pursuant to the Post Conviction Relief Act (PCRA).[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Each of the Appellants filed a separate appeal, all of which have been consolidated with Joshua Brown's appeal at 1481 EDA 2014.

[2] 42 Pa.C.S. §§ 9541-9546.

Former Philadelphia Police Officer Jeffrey Walker arrested each of the Appellants based upon unrelated incidents.

Brown was arrested and charged with possession with intent to deliver a controlled substance (PWID)[3] and criminal conspiracy[4] on February 4, 2003. Brown was convicted after a non-jury trial and was sentenced on December 8, 2003, to two to four years' incarceration.[5]

Donnell Thomas was charged with PWID after his arrest on September 11, 2002. He was convicted after a non-jury trial on August 30, 2006, was sentenced to four to eight years' incarceration, and is no longer in custody.

Jamal Thomas was charged with PWID after his arrest on July 11, 2002. He pled guilty on May 7, 2003, and was sentenced to a maximum sentence of one year of incarceration followed by two years of probation. His probation was terminated August 2, 2006.

Lincoln was arrested and charged with PWID on December 13, 2001. Lincoln pled guilty and was sentenced on March 12, 2002, to 15 to 30

---

[3] 35 P.S. § 780-113.

[4] 18 Pa.C.S. § 903.

[5] The notice of appeal in Brown's case erroneously references another individual, stating he is in custody. Nothing in the record indicates Brown is in custody, and according to the criminal docket in his case, his sentence was completed no later than December 8, 2007. **See** Criminal Docket, Number CP-51-CR-0611381-2003.

months' incarceration followed by one year of probation. Lincoln's probation was terminated May 5, 2009.

On May 22, 2013, former Officer Walker was arrested and charged with police corruption and misconduct. The charges were based upon allegations that he planted drugs in order to arrest drug dealers, robbed drug dealers of drugs and money, and misreported the amount of drugs and money he confiscated. On July 16, 2013, Appellants filed PCRA petitions, asserting that each is entitled to a new trial based upon after-discovered evidence, since Walker was involved in their arrests.

On February 28, 2014, the PCRA court issued a notice in each of the Appellants' cases stating its intention to dismiss the PCRA petitions pursuant to Pa.R.Crim.P. 907. Appellants filed responses on March 20, 2014. The PCRA court determined that no relief was due and dismissed the petitions without a hearing on April 11, 2014. Appellants filed timely notices of appeal and court-ordered concise statements of errors complained of on appeal.

Appellants raise the following issues for our review:

[1.] Whether the PCRA statute is unconstitutional because under Article 1, Section 14 of the Pennsylvania Constitution, which provides that "the privilege of the writ of habeas corpus shall not be suspended," [habeas corpus] is effectively suspended for the Appellants in this case?

[2.] Whether the PCRA statute is unconstitutional under the 4th and 14th Amendments of the U.S. Constitution and Article 1, Section 14 of the Pennsylvania Constitution because it denies Appellants the ability to bring a civil rights action for malicious prosecution under 42 U.S.C. § 1983?

[3.] Whether the trial court erred in dismissing Appellants' PCRA petition as barred [under] 42 Pa.C.S. § 9543 because Appellants are no longer serving their sentences as held by the Pennsylvania Supreme Court in **Commonwealth v. Ahlborn**, 548 Pa. 544 (1997)?

[4.] Whether the Pennsylvania Supreme Court's decision in **Commonwealth v. Ahlborn**, 548 Pa. 544 (1997), as applied to Appellants, violates the 4th and 14th Amendments of the U.S. Constitution because it denies Appellants the ability to bring a civil rights action for malicious prosecution under 42 U.S.C. § 1983?

[5.] Whether the trial court erred in failing to allow Appellants to present evidence and testimony regarding their actual innocence?

[6.] Whether the trial court erred in holding Appellants lacked jurisdiction to challenge their convictions in a PCRA hearing where Appellants can allege severe civil and social consequences resulting from their wrongful conviction?

[7.] Whether the trial court erred in holding Appellants lacked standing to challenge their convictions in a PCRA hearing where Appellants can allege severe civil and social consequences resulting from their wrongful conviction?

[8.] Whether the trial court erred in dismissing Appellants' PCRA petition without having any evidence entered into the record regarding the police officers involved, including former Police Officer Jeffrey Walker, and the circumstances surrounding Appellants' arrest and conviction?

Brief for Appellants, at viii-x.

Before we may address the issues raised, we must first determine whether Appellants are eligible for relief pursuant to the PCRA. Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> **(a)** **General rule.--** To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

- 5 -

    (1)    That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

        (i)    **Currently serving a sentence of imprisonment, probation or parole for the crime;**

        (ii)    Awaiting execution of a sentence of death for the crime; or

        (iii)    Serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a) (emphasis added). Indeed, "[e]ligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime." *Commonwealth v. Turner*, 80 A.3d 754, 761-62 (Pa. 2013). Stated another way, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

Instantly, the record reveals that none of the Appellants was incarcerated, on probation, or on parole for the crimes in which former officer Walker was involved in the arrest. It is inconsequential that Appellants raise issues based upon their constitutional rights, since "the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review." *Turner*, 80 A.3d at 767. Thus, Appellants are entitled to no relief pursuant to the PCRA. *Turner*, *supra*; *Ahlborn*, *supra*.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015