J-S18009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONNA CAROL ARNDT, | |
| Appellant | No. 1410 MDA 2015 |

Appeal from the PCRA Order August 10, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0001784-2014

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 04, 2016**

Donna Carol Arndt appeals from the order of the Lancaster County Court of Common Pleas denying her PCRA petition.  We affirm.

On June 19, 2014, Appellant, represented by counsel, pled guilty to the criminal charge of driving under the influence of a controlled substance pursuant to 75 Pa.C.S. § 3802(d)(2), and a summary offense for violating duties at stop sign pursuant to 75 Pa.C.S. § 3323(b).  The charges arose from a traffic stop on November 26, 2013.  Appellant, while driving her white Ford truck, was observed by law enforcement drifting into the center of the road before failing to stop properly at a stop sign.  Following the stop, the officer noticed Appellant had slurred speech, was unable to

---

* Retired Senior Judge assigned to the Superior Court.

communicate, and was confused as to what was happening. Appellant admitted to taking Clonazepam and heroin prior to operating her vehicle. A later test revealed Appellant had drugs in her system.

Concurrent with her plea, Appellant completed a written guilty plea colloquy and the court conducted an oral plea colloquy.[1] In the written colloquy, Appellant acknowledged, *inter alia*, she understood her rights regarding post-sentence motions and direct appeal. At that time, Appellant was sentenced to seventy-two hours to six months incarceration, fines, and costs. Appellant was released on parole the same day. Appellant did not file a post-sentence motion or a direct appeal.

In December 2014, Appellant sought the aid of the public defender's office. On January 1, 2015 a counseled PCRA petition seeking reinstatement of Appellant's direct appeal rights was filed. A hearing on Appellant's petition was held on March 11, 2015. At the hearing, counsel testified that Appellant contacted him after the ten-day period for filing a motion to withdraw her guilty plea and expressed dissatisfaction with her guilty plea. While the call was made within thirty days of the judgment of sentence, an appeal would have been futile since no motion was filed, and any claim that Appellant's plea was invalid would not have been preserved for purposes of appeal. The court denied Appellant PCRA relief.

---

[1] That colloquy was not transcribed.

Appellant filed this timely notice of appeal on August 17, 2015. At the time of her appeal, Appellant was incarcerated in Lancaster County prison for violating the terms of her parole. She served the balance of her maximum sentence and was released on September 1, 2015. Trial Court Opinion, 10/9/15, at 2.

Appellant raises one issue for our consideration, contending: "The PCRA Court erred by failing to find counsel was ineffective for failing to file a direct appeal." Appellant's brief at 4.

Prior to addressing the issue raised, we must first determine whether Appellant is eligible for relief under the PCRA. Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> (a)  General Rule.—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1)  That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i)  Currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii)  Awaiting execution of a sentence of death for the crime; or
>
> (iii)  Serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a).

We observe, "[e]ligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or

parole for a crime." ***Commonwealth v. Turner***, 80 A.3d 754, 761-62 (Pa. 2013). As such, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

Here, the record indicates that Appellant completed serving her sentence on September 1, 2015. Because Appellant is no longer serving a sentence of imprisonment, probation, or parole for the crime, she is ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i); ***Turner***, ***supra***; ***Ahlborn***, ***supra***. As Appellant is ineligible for PCRA relief, we need not reach the merits of her claim. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2016

- 4 -