J-S63042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KAREEM ALI GARRETT | |
| Appellant | No. 1684 EDA 2015 |

Appeal from the PCRA Order April 14, 2015
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0001998-2013

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 26, 2016**

Appellant, Kareem Ali Garrett, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition. We remand for a determination as to whether Appellant is currently serving a sentence of imprisonment, probation, or parole for the crimes he committed and retain panel jurisdiction over this appeal.

The trial court summarized the relevant facts and procedural history as follows:

> On August 20, 2013, [Appellant] entered a negotiated guilty plea to [d]efiant [t]respass and one count of [h]arassment and was sentenced to a term of 6 to 12 months [imprisonment] followed by 1 year of probation.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S §§ 9541-9546.

On August 21, 2014 [Appellant] filed a timely [PCRA] petition alleging (1) ineffective assistance of counsel, (2) that his guilty plea was unlawfully induced, and (3) newly-discovered evidence.[2]

The [PCRA court] appointed counsel, Stephen D. Molineux, Esq., to review [Appellant's] PCRA petition. Pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)] , counsel submitted a "No Merit" letter after determining [Appellant's] PCRA petition was meritless and filed a Motion to Withdraw As Counsel. This Court dismissed [Appellant's] PCRA petition without holding an evidentiary hearing and granted Mr. Molineux's Withdrawal Motion. [Appellant] filed a timely Notice of Appeal and Concise Statement of Matters complained of on Appeal in compliance with Pa.R.A.P. 1925(b).[3]

Trial Ct. Op., 7/31/15, at 1-2.

The trial court issued a responsive Pa.R.A.P. 1925(a) opinion on July 31, 2015. Appellant raises the following issues on appeal:

1. Trial counsel rendered ineffective assistance, which failure violated the Pennsylvania and/or United States Constitution by undermining the truth determining process, such that no reliable adjudication of guilt or innocence could have taken place?

2. A plea of guilty was unlawfully induced for the crimes to which he entered a guilty plea, where the circumstance

---

[2] In his PCRA petition, Appellant indicated that his sentence was to commence August 20, 2013, but he failed to answer the question of whether he was still serving his sentence. Appellant's Mot. for Post Conviction Collateral Relief, 8/21/14, at 2.

[3] We note that although the PCRA court states that Appellant filed a Pa.R.A.P. 1925(b) statement, we can find no such document in the record or indicated on the docket. Further, also not present in the record received by this Court is Attorney Molineux's "no merit" letter.

made it likely that the inducement caused [Appellant] to plead guilty and [Appellant] is innocent?

3. Whether the unavailability at the time of exculpatory evidence would have changed the outcome of the trial if it had been introduced?

Appellant's Brief at 3 (unpaginated).[4]

As a prefatory matter, we must determine whether Appellant is eligible for relief under the PCRA. Pursuant to the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" or waiting to serve the disputed sentence in order to be granted relief. 42 Pa.C.S. § 9543(a)(1)(i), (iii). Further, as soon as a petitioner's sentence is complete, he becomes ineligible for relief, regardless of whether he was serving his sentence at the time he filed his PCRA petition. *Commonwealth v. Hart,* 911 A.2d 939, 942 (Pa. Super. 2006). Indeed, our Supreme Court has held that to grant relief at a time when a petitioner is not currently serving a sentence would ignore the plain language of the statute. *Commonwealth v. Ahlborn* 699 A.2d 718, 720 (Pa. 1997). Accordingly, if a petitioner is no longer serving or waiting to serve a sentence for the crimes at issue, our Courts lack jurisdiction and the petitioner's PCRA petition must be dismissed. *Id.*

In this case, Appellant was convicted in August 2013 and sentenced to serve a term of six to twelve months' imprisonment followed by one year of

---

[4] Appellant's brief was not mailed from a prison. *See* Certificate of Service, 3/11/16, to Appellant's Brief (identifying address).

probation. We note that in his initial PCRA petition Appellant indicated that his sentence was to commence on August 20, 2013, but did not designate whether he was currently serving, or waiting to serve, his sentence. Appellant's Mot. for Post Conviction Collateral Relief, 8/21/14, at 2. Indeed, even if Appellant served his maximum sentence, it is likely that currently, over three years later, he may no longer be serving a sentence of imprisonment, probation, or parole for the crimes here at issue. ***See also*** Certificate of Service, 3/11/16, to Appellant's Brief (identifying address). Accordingly, within thirty days of the date this Memorandum is filed, we direct the PCRA court to determine whether Appellant is currently serving or waiting to serve a sentence of imprisonment, probation, or parole for the crimes he committed. If the PCRA court determines that Appellant is serving or waiting to serve his sentence, we request that the court forward Appellant's Pa.R.A.P. 1925(b) statement, Attorney Molineux's "no merit" letter, and any other documents missing from the certified record as a supplemental record.

Case remanded for a determination by the PCRA court consistent with this Memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016