J-S75011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MODESTO OSCO | |
| Appellant | No. 820 EDA 2016 |

Appeal from the PCRA Order February 16, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002619-2013

BEFORE:  BOWES, MOULTON AND MUSMANNO JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 05, 2016**

Modesto Osco appeals from the February 16, 2016 order denying his petition for post-conviction relief.  We affirm.

During the early morning hours on July 30, 2013, Appellant entered the bedroom of his girlfriend's thirteen-year-old daughter.  Appellant sat on the girl's bed and massaged her thighs and back.  He then proceeded to place two fingers on her vagina on the outside of her clothing.  As the victim attempted to rebuke his conduct, Appellant reached under her shirt and squeezed her breasts.  Later that morning, the victim conveyed the incident to her mother who, in turn, notified the police.

Based on the foregoing, the Commonwealth charged Appellant with corruption of minors and indecent assault of a person less than sixteen years

of age. Subsequently, the felony count of corruption of minors was withdrawn and the indecent assault account was amended to indecent assault without consent. Thereafter, Appellant entered an open guilty plea to that offense. The trial court conducted the mandated colloquy, and Appellant's written guilty plea statement was entered into the record. The court also noted that, since Appellant was in this country illegally, he may be subject to deportation as a collateral consequence of his plea. The court accepted Appellant's guilty plea and scheduled the matter for sentencing.

The trial court held a sentencing hearing on January 3, 2014. During this proceeding, the court again notified Appellant that deportation was a possible collateral consequence of his conviction. Appellant's counsel confirmed he had discussed the possibility of deportation with him. The court sentenced Appellant to five months to twenty-four months incarceration with credit for time served. Appellant did not file for post-trial relief, nor did he pursue appellate review.

On October 2, 2014, Appellant filed a timely motion for post-conviction relief averring counsel was ineffective for failing to provide proper advice regarding the immigration consequences of his guilty plea. Following a series of continuances, the court held a hearing, and ultimately, denied Appellant's petition. Appellant filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) concise statement of errors

complained of on appeal. The court then authored its Rule 1925(a) opinion, and this matter is now ready for our review.

Appellant offers one issue for our consideration:

A defense lawyer is constitutionally ineffective when he provides his noncitizen client with inaccurate or misleading information about the "collateral consequence" of deportation in connection with a guilty plea. Should this Court reverse the PCRA court's refusal to grant post-conviction relief where the Appellant's plea counsel provided him with incomplete and inaccurate information about the immigration consequences of his plea, including the permanent inability to return to the United States?

Appellant's brief at 4.

Prior to addressing the issue raised, we must first determine whether Appellant is eligible for relief under the PCRA. Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

(a) General Rule.- To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) Currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) Awaiting execution of a sentence of death for a crime; or

(iii) Serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9453(a).

We note, "[e]ligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for a crime." ***Commonwealth v. Turner***, 80 A.3d 754, 761-62 (Pa. 2013). As such, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

Upon review of the record, we observe that Appellant was sentenced to five to twenty-four months incarceration on January 3, 2014. Thus, Appellant completed serving his sentence on January 3, 2016. Since Appellant is no longer serving a sentence of imprisonment, probation, or parole for a crime, he is ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i); ***Turner***, ***supra***; ***Ahlborn***, ***supra***. As Appellant is ineligible for PCRA relief, we need not reach the merits of his claim. Accordingly, we affirm.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016