J-S32036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LESTER HOWARD | |
| Appellant | No. 3233 EDA 2016 |

Appeal from the PCRA Order August 2, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0012993-2008

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 17, 2017**

Appellant, Lester Howard, appeals from the order dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends that he was deprived of the right to meaningful PCRA counsel. We affirm.

A recitation of the facts underlying Appellant's conviction is unnecessary. On November 23, 2009, the trial court sentenced Appellant to an aggregate nineteen to forty-two months' imprisonment followed by four years' probation for possession with intent to deliver a controlled substance.[2] Appellant did not take a direct appeal.

On May 2, 2014, the PCRA court received Appellant's *pro se* PCRA petition seeking relief based on newspaper articles regarding malfeasance in

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

the Philadelphia Police Department's Narcotics Unit. Appellant thereafter filed several *pro se* filings amending his petition. On October 19, 2014, the PCRA court appointed counsel, Christopher J. Evarts, Esq., to represent Appellant. Attorney Evarts filed a ***Turner*/*Finley***[3] letter and motion to withdraw on March 9, 2016, asserting that Appellant's petition was, *inter alia*, time-barred. Appellant filed a *pro se* response to Attorney Evarts' letter. On April 4, 2016, the Commonwealth filed a motion to dismiss Appellant's petition because "the officers involved in [Appellant's] arrest and in the events leading up to [Appellant's] arrest were not indicted" and no relief was due. Commonwealth's Mot. to Dismiss, 4/5/16, at 2. On April 8, 2016, the PCRA court permitted Attorney Evarts to withdraw and appointed new counsel, J. Matthew Wolfe, Esq. Attorney Wolfe filed a ***Turner*/*Finley*** letter and motion to withdraw asserting that Appellant was not eligible for PCRA relief because he was no longer serving his sentence. Appellant filed a *pro se* response alleging that he was on probation when he filed his PCRA petition in 2014. However, Appellant did not deny that his sentence had since expired.

The PCRA court issued a Pa.R.Crim.P. 907 notice on July 8, 2016. The PCRA court dismissed Appellant's petition and granted Attorney Wolfe's motion to withdraw on August 2, 2016. However, the case was listed for an

---

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

additional hearing on August 5, 2016. On August 23, 2016, a second judge entered a second order dismissing the petition, with a docket notation: "This case listed in error. [The prior PCRA judge] dismissed this PCRA petition on August 2, 2016." Appellant filed a notice of appeal on September 6, 2016. The PCRA court did not require the filing of a Pa.R.A.P. 1925(b) statement.

Preliminarily, we must address the timeliness of this appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007). Appellant's notice of appeal is technically untimely because it was filed thirty-five days after the entry of the August 2, 2016 order dismissing his PCRA petition. **See** Pa.R.A.P. 903(a) (requiring that an appeal be filed thirty days after the entry of the order being appealed). Although this Court may not enlarge the time for filing a notice of appeal, we may "grant relief in the case of fraud or breakdown in the processes of the court." **Patterson**, 940 A.2d at 498.

This Court issued a rule to show cause why this appeal should not be quashed. Appellant responded that he did not receive the August 2, 2016 order, but instead received information that an additional hearing had been scheduled on his petition. According to Appellant he was not able to attend the scheduled hearing because the Philadelphia Criminal Justice Center was closed due to an elevator accident.

The docket appears to support Appellant's assertions a hearing was scheduled following the August 2, 2016 dismissal of his petition. Further,

that hearing was continued. The docket entry on August 23, 2016, states, *inter alia*: "Order dismissing petition. This case listed in error." However, the August 23rd order did not inform Appellant that he had eight days remaining in which to file a timely appeal from the August 2, 2016 order. Accordingly, we conclude that there was a breakdown in the operations of the court that may have misled Appellant regarding the time for filing an appeal. Therefore, out of an abundance of caution, we decline to quash this appeal. ***Cf. Patterson***, 940 A.2d at 498-99.

Appellant claims that he was deprived of the right to counsel during the underlying PCRA proceeding. Because Appellant has not established that he is serving his sentence, we decline to address this issue.

The PCRA provides:

> **(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>>
>>> (i) currently serving a sentence of imprisonment, probation or parole for the crime
>>>
>>> (ii) awaiting execution of a sentence of death for the crime; or
>>>
>>> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii); *see Commonwealth v. Ahlborn*, 699 A.2d 718, 719 (Pa. 1997).

In *Ahlborn*, our Supreme Court considered "whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to any final adjudication of the petition, he is released from custody." *Id.* at 719. In that case, the petitioner filed a PCRA petition while he was serving his sentence, but completed his sentence before the PCRA court ruled on the petition. *Id.* The PCRA court dismissed the petition on the ground that "relief is available only to persons still serving sentences of imprisonment, probation, or parole." *Id.* On appeal, our Supreme Court affirmed. *Id.* at 721. The *Ahlborn* Court reasoned that the phrase "currently serving a sentence" in Section 9543(a)(1)(i) "clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." *Id.* at 720. Thus, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." *Id.*

Similarly, this Court has held that "the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006). The *Hart* Court reiterated that even "the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not

- 5 -

appropriate, as a remand would be futile under such a circumstance." ***Id.*** (citation omitted).

Here, Appellant has not established that he was still serving his sentence at the time the PCRA court dismissed his petition. Thus, the PCRA court properly dismissed his petition, notwithstanding Appellant's claim that he was deprived of his right to counsel in the PCRA proceeding. ***See*** 42 Pa.C.S. § 9543(a)(1)(i); ***Ahlborn***, 699 A.2d at 720; ***Hart***, 911 A.2d at 942. Similarly, we have no basis to consider Appellant's claim on appeal. ***See Hart***, 911 A.2d at 942.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017