699 A.2d 718

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clarence A. AHLBORN, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 13, 1997.

Decided Aug. 19, 1997.

John D. Ceraso, Arnold, for Clarence A. Ahlborn.
Christian Scherer, Pittsburgh, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

This is an appeal by allowance from an order of the Superior Court which affirmed an order of the Court of Common Pleas of Westmoreland County denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq. At issue is whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to any final adjudication of the petition, he is released from custody.

On May 4, 1990, the appellant, Clarence A. Ahlborn, pled guilty to three counts of driving under the influence (DUI) and one count of accident resulting in death or injury. Appellant was sentenced to forty-eight hours to twenty-three months on the first DUI count, a concurrent term of thirty days to twenty-three months on the second DUI count, a consecutive term of four to twenty-three months on the third DUI count, and a concurrent term of thirty days to twenty-three months on the accident resulting in death or injury count. On May 24, 1990, appellant filed a pro se motion to withdraw his guilty plea. A hearing on the motion was scheduled, but, for reasons not apparent on the record, the motion was never adjudicated. On December 9, 1993, appellant filed a pro se PCRA petition. Subsequently, counsel was appointed and an amended petition was filed on January 25, 1994. The petition alleged that appellant was misled as to the nature and consequences of his plea. It also alleged that he was never afforded a hearing on the motion to withdraw his plea.

A PCRA hearing was scheduled for February 17, 1994. On February 14, 1994, however, appellant finished serving his sentence. He was unconditionally released from prison. The scheduled hearing was then continued, and, on June 8, 1994, the PCRA petition was dismissed on the ground that appellant was no longer eligible for relief. The court reasoned that relief is available only to persons still serving sentences of

imprisonment, probation, or parole. On appeal, the Superior Court affirmed en banc. We too affirm.

Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

(a) **General rule.**—*To be eligible for relief* under this sub-chapter, the petitioner *must plead and prove* by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i) *currently serving a sentence of imprisonment, probation or parole* for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(Emphasis added).

 Appellant contends that this statutory provision requires only that he have been serving a sentence at the time when he filed his petition, and that it is of no consequence that he finished serving his sentence before there was an adjudication of whether relief was warranted.* We do not agree. Appellant essentially construes the first sentence of the eligibility provision as though it began with the words, "To be eligible to file a petition ...," rather than with the actual words, "To be eligible for relief...." Such a construction constitutes an obvious departure from the language of the statute. The time of filing a petition is not the same as the time that a decision is rendered regarding eligibility for relief. Further, appellant's construction ignores the statute's requirement that a PCRA petitioner "plead and prove" that he "is currently serving a sentence...." The statute clearly con-

---

* In cases where petitioners have filed for relief *after* their sentences have been completely served, relief has been uniformly denied on the basis of the statutory eligibility provision. *Commonwealth v. Hayes,* 408 Pa.Super. 68, 596 A.2d 195 (1991), appeal denied, 529 Pa. 646, 602 A.2d 856 (1992); *Commonwealth v. Pierce,* 397 Pa.Super. 126, 579 A.2d 963 (1990), appeal denied, 527 Pa. 609, 590 A.2d 296 (1991).

templates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding.

■ It is well established that when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning. *Commonwealth v. Corporan,* 531 Pa. 348, 351, 613 A.2d 530, 531 (1992); *Commonwealth v. Kriston,* 527 Pa. 90, 94, 588 A.2d 898, 899 (1991); *Commonwealth v. Bursick,* 526 Pa. 6, 10, 584 A.2d 291, 293 (1990); *Commonwealth v. Bell,* 512 Pa. 334, 339–40, 516 A.2d 1172, 1175 (1986); Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Here, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

■ Appellant asserts that, despite having been released from custody, he will continue to suffer consequences of his convictions. Specifically, he cites a driver's license suspension and the possibility of future sentencing and recidivist enhancements. Appellant argues that, because convictions can result in ongoing consequences, the legislature would not have intended that review under the PCRA would be unobtainable. The search for legislative intent is at an end, however, where the language used by the legislature is clear. *Commonwealth v. Bursick,* 526 Pa. at 10, 584 A.2d at 293 ("We are constrained ... to apply statutory language enacted by the legislature rather than speculate as to whether the legislative spirit or intent differs from what has been plainly expressed in the relevant statutes."); *Commonwealth v. Bell,* 512 Pa. at 339–40, 516 A.2d at 1175 (When the language of a statute is plain and clear, it is inappropriate to inquire further into legislative intent.). See also Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

We note that the predecessor to the PCRA, to wit, the Post–Conviction Hearing Act (PCHA), formerly 42 Pa.C.S. § 9541 et seq. (amended 1988), did not expressly allow for review of criminal convictions where the underlying sentences had been fully served. The PCHA specified that to be eligible for relief a petitioner must prove that he "is incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation." 42 Pa.C.S. § 9543(2) (amended 1988). We held that petitioners who did not meet this requirement, but who faced direct collateral civil or criminal consequences of their convictions, could nevertheless obtain review. In such cases, PCHA petitions were to be treated as petitions for common law writs of error coram nobis. *Commonwealth v. Doria,* 468 Pa. 534, 364 A.2d 322 (1976); *Commonwealth v. Sheehan,* 446 Pa. 35, 38–41, 285 A.2d 465, 467–68 (1971). Our rationale was as follows:

> The intent of the Act . . . was not to abolish the common law remedies of habeas corpus and coram nobis, but rather to promulgate an exclusive, well-defined procedure for the presentation of those grievances set forth in the Act by an aggrieved person who is under the duress of punishment, whether in prison or on parole or probation. All claims previously cognizable on a common law writ, in circumstances not covered by the terms of the Act, may still be litigated by means of the common law writ.

*Id.* at 39, 285 A.2d at 467 (citations omitted).

Unlike the PCHA, however, the PCRA contains express language which prevents a petition filed under the PCRA from being treated as a request for relief under the common law. The PCRA specifies that it is the *sole* means for obtaining collateral relief and that it supersedes common law remedies. Specifically, it provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The *action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies* for the same purpose that

exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542 (emphasis added). Hence, the PCRA is the only collateral means by which appellant can challenge his conviction. Inasmuch as appellant is ineligible for relief because he is not currently serving a sentence, dismissal of the petition was proper. The Superior Court properly affirmed.

Order affirmed.