J-S06017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL STEVENS, | : | |
| | : | |
| Appellant | : | No. 66 EDA 2014 |

Appeal from the PCRA Order December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0803221-2005

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J. [*]

CONCURRING STATEMENT BY FITZGERALD, J.:**FILED SEPTEMBER 17, 2015**

I respectfully disagree with the majority that this Court may reach the merits of Appellant's appeal.

Section 9543(a)(1)(i) of the PCRA provides, in pertinent part: "To be eligible for relief . . . the petitioner must plead and prove" he is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i).

In **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997), our Supreme Court considered "whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to any final adjudication of the petition, he is released from

---

[*] Former Justice specially assigned to the Superior Court.

custody." *Id.* at 719. In that case, the defendant filed a PCRA petition while he was still serving his sentence, but completed his sentence before the PCRA court ruled on the petition. *Id.* The PCRA court dismissed the petition on the ground that "relief is available only to persons still serving sentences of imprisonment, probation, or parole." *Id.* On appeal, our Supreme Court affirmed. *Id.* at 721. It reasoned the statutory phrase, "currently serving a sentence," "clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." *Id.* at 720.

In the case *sub judice*, I agree with the majority that the PCRA court had jurisdiction to rule on Appellant's petition, as he was still then serving his sentence. However, because he has since completed his sentence, I would hold, under **Ahlborn**, that this Court cannot hear his appeal. Section 9543(a)(1)(i)'s requirement that a petitioner to be "currently serving a sentence" does not set forth any provision that **appellate** relief may be granted to a petitioner who has completed his sentence. *See* 42 Pa.C.S. § 9543(a)(1)(i). I would thus deny relief on the ground that Appellant has not proven he is eligible for relief under Section 9543(a)(1)(i).

I thus concur with the majority's affirmance, albeit on different grounds.