J-S07044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN EUGENE SMITH | |
| Appellant | No. 806 MDA 2015 |

Appeal from the Order April 23, 2015
In the Court of Common Pleas of Juniata County
Criminal Division at No(s): CP-34-CR-0000127-2007

BEFORE:  BOWES, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 11, 2016**

*Pro se* Appellant, Kevin Eugene Smith, appeals from the order entered in the Juniata County Court of Common Pleas denying his Post Conviction Relief Act[1] ("PCRA") Petition and granting Appellant's PCRA Counsel leave to withdraw.  We hold that Appellant is not entitled to PCRA relief because he is not currently serving a sentence of imprisonment, probation, or parole for the crimes challenged, and therefore affirm.

The facts underlying Appellant's convictions are not pertinent to our disposition.  On October 9, 2007, following a jury trial, Appellant was convicted of three counts of robbery, one count of theft by unlawful taking or

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

disposition and one count of receiving stolen property. On January 8, 2008, the trial court sentenced Appellant to an aggregate term of twenty-seven to fifty-four months' incarceration. Appellant was given credit for time served beginning April 16, 2007. Accordingly, Appellant's maximum sentence expired in October 2011.[2]

Appellant filed a timely appeal and this Court affirmed Appellant's judgment of sentence and granted counsel's petition to withdraw on March 25, 2009. *Commonwealth v. Smith*, 245 MDA 2008 (unpublished memorandum) (Pa. Super. March 25, 2009). On July 10, 2009, Appellant, acting *pro se*, filed a PCRA petition. On January 6, 2014, the trial court appointed PCRA counsel for Appellant and directed PCRA counsel to file a supplemental petition on Appellant's behalf.[3] Appellant's PCRA counsel filed a motion to withdraw and the trial court issued an order, dated May 28, 2014, stating the court's intention to grant PCRA counsel's petition and dismiss Appellant's PCRA petition. However, this order did not dispose of the matter and thus did not constitute a final order for purposes of appeal.

_____

[2] Appellant was subsequently convicted of two counts each of robbery, theft by unlawful taking, and receiving stolen property stemming from two unrelated bank robberies in 2012. There, the trial court sentenced Appellant to three and one-half to seven years' incarceration. *Commonwealth v. Smith*, 391 MDA 2014 (unpublished memorandum) (Pa. Super. August 13, 2014). Appellant's subsequent sentence is unrelated to the instant appeal.

[3] We note that it is unclear from the record why over four years elapsed prior to any action on Appellant's PCRA petition.

Appellant, again acting *pro se*, filed a premature appeal to this Court on June 23, 2014. This Court ultimately remanded the case to the trial court for the issuance of a final order. Appellant did not file a response to the trial court's May 28, 2014 order. The trial court issued a final order, dated April 23, 2015, which granted PCRA counsel's petition to withdraw and dismissed Appellant's PCRA petition. *Pro se* Appellant filed the instant appeal on May 15, 2015, which this Court dismissed for failure to file a brief on July 24, 2015. However, after a motion for reconsideration, this Court reinstated the appeal on August 14, 2015, and *p ro se* Appellant filed a brief asserting multiple issues for review.[4]

As a prefatory matter, we determine whether Appellant is eligible for relief under the PCRA.

> **(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime
> > >
> > > (ii) awaiting execution of a sentence of death for the crime; or

---

[4] The trial court did not require Appellant to file a Pa.R.A.P. 1925(b) statement and the court did not file a Pa.R.A.P. 1925(a) opinion.

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii); *see Commonwealth v. Ahlborn*, 699 A.2d 718, 719 (Pa. 1997).

In *Ahlborn*, our Supreme Court considered "whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to any final adjudication of the petition, he is released from custody." *Id.* at 719. In that case, the petitioner filed a PCRA petition while he was still serving his sentence, but completed his sentence before the PCRA court ruled on the petition. *Id.* The PCRA court dismissed the petition on the ground that "relief is available only to persons still serving sentences of imprisonment, probation, or parole." *Id.* On appeal, our Supreme Court affirmed. *Id.* at 721. It reasoned the statutory phrase, "currently serving a sentence," "clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." *Id.* at 720. Further, in order to be eligible for PCRA relief, an appellant must be currently serving a sentence on the conviction he or she seeks to collaterally attack regardless of any unrelated subsequent convictions. *See Commonwealth v. Hayes*, 596 A.2d 195, 199 (Pa. Super. 1991) (*en banc*) (holding that appellant was not eligible for PCRA relief where his sentence of imprisonment, probation or parole had expired for the conviction at issue, even though he was then

serving a sentence of imprisonment stemming from an unrelated conviction).

In this case, although Appellant was still serving his relevant sentence when he filed the instant PCRA petition in 2009, he is not "currently serving a sentence of imprisonment, probation or parole **for the crime**." ***See*** 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added); ***Ahlborn***, 699 A.2d at 720. Further, it is of no moment that Appellant is currently serving a sentence of imprisonment for an unrelated conviction. ***See Hayes***, 596 A.2d at 199. Accordingly, Appellant cannot fulfill the statutory requirements for PCRA relief and we are constrained to affirm the order dismissing Appellant's PCRA petition and granting PCRA Counsel leave to withdraw.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2016

- 5 -