J-S49031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID M. WILLIAMS, | |
| Appellant | No. 3821 EDA 2015 |

Appeal from the PCRA Order November 24, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001254-2014

BEFORE: PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: FILED JUNE 13, 2016

Appellant David M. Williams files this *pro se* appeal from the order of the Court of Common Pleas of Chester County dismissing Appellant's petition pursuant to the Post Conviction Relief Act (PCRA).[1] As Appellant is no longer serving a sentence for the relevant criminal charges, he is not entitled to relief under the PCRA. Accordingly, we affirm.

On April 29, 2014, Appellant was charged with Possession of a Controlled Substance with Intent to Deliver, Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Resisting Arrest.[2] On September 24, 2014, Appellant entered a negotiated guilty plea to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 P.S. § 780-113(A)(30), 35 P.S. § 780-113(A)(16), 35 P.S. § 780-113(A)(32), and 18 Pa.C.S. § 5104, respectively.

*Former Justice specially assigned to the Superior Court.

Possession of Drug Paraphernalia. The trial court sentenced Appellant to one year probation. As such, Appellant's sentence in this case expired on September 24, 2015. However, as Appellant was on state supervision at the time he committed the aforementioned crimes, his convictions constituted a violation of his parole. After Appellant was sentenced in this case, he was incarcerated for violating his parole.

On April 27, 2015, Appellant filed this PCRA petition. On September 9, 2015, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without a hearing. On October 22, 2015, Appellant filed a response to oppose dismissal without a hearing. The PCRA court directed PCRA counsel to investigate Appellant's concerns raised in his correspondence. When the PCRA court entered its final decision, it pointed out that Appellant was no longer serving a sentence for any crime on the above-captioned docket. Accordingly, the PCRA court concluded that Appellant was not eligible for relief under the PCRA. This appeal followed.

Section 9543(a) of the PCRA sets for the eligibility requirements for PCRA relief:

**(a) General rule. —** *To be eligible for relief* under this subchapter, the petitioner *must plead and prove* by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i) *currently serving a sentence of imprisonment, probation or parole* for the crime;

- 2 -

> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543 (emphasis added). ***See Commonwealth v. Ahlborn***, 548 Pa. 544, 547, 699 A.2d 718, 720 (1997) (emphasizing that the "denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute … [as] a petitioner must be *currently* serving a sentence of imprisonment, probation or parole").

Although Appellant asserts that he is currently incarcerated for a violation of parole stemming from the instant conviction, he has not set forth an exception to the PCRA eligibility requirements as he is no longer serving a sentence for the charges in the above-captioned matter. As a result, we conclude that the PCRA court correctly dismissed Appellant's petition as he is ineligible for collateral relief.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2016

- 3 -