J-S40032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEONARD S. JACKSON | |
| Appellant | No. 1622 EDA 2015 |

Appeal from the PCRA Order May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0608891-2004

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

CONCURRING MEMORANDUM BY BOWES, J.:         **FILED JULY 22, 2016**

My learned colleagues have rendered a decision on the merits. However, the record indicates that Appellant is no longer eligible for relief.  I would affirm on that basis and therefore concur.

Appellant was found guilty by a jury on July 28, 2005 of aggravated assault and discharge of a firearm into an occupied structure.  The parties do not dispute that Appellant was sentenced, on September 23, 2005, to a period of incarceration not to exceed ten years.  The Commonwealth correctly notes that Appellant's sentence has, absent some circumstance not reflected on the docket, expired, and moves for dismissal.  Commonwealth's brief at 7.

The PCRA establishes that to be eligible for relief, the petitioner must plead and prove that he is currently serving a sentence of imprisonment,

probation or parole for the crime. 42 Pa.C.S. § 9543. In **Commonwealth v. Ahlborn,** 699 A.2d 718 (Pa. 1997), our Supreme Court emphasized that the plain language of the statute requires a petitioner to be serving a sentence at the time a decision is rendered regarding relief:

> Appellant essentially construes the first sentence of the eligibility provision as though it began with the words, "To be eligible to file a petition ...," rather than with the actual words, "To be eligible for relief...." Such a construction constitutes an obvious departure from the language of the statute. The time of filing a petition is not the same as the time that a decision is rendered regarding eligibility for relief.

*Id*. at 720. Since his sentence has expired, Appellant is not eligible for relief. I would therefore affirm the denial of PCRA relief on that basis. "[T]his Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." **Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa.Super. 2000).

Judge Mundy and Judge Musmanno join the concurring memorandum.