J-S56008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANILJAMAAL ROBERTS | |
| Appellant | No. 884 EDA 2016 |

Appeal from the PCRA Order February 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010161-2012

BEFORE: BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:          **FILED NOVEMBER 16, 2017**

Aniljamaal Roberts appeals from the February 16, 2016 order denying his PCRA petition. We affirm.

The PCRA court set forth the relevant facts as follows:

> On June 26, 2012, Appellant and a friend were robbed at gunpoint. After filling [sic] a police complaint regarding the robbery, the two men left Northwest Detectives Division. Appellant then retrieved his firearm and located the individuals who had allegedly robbed them. Appellant and the friend found the alleged assailants and exchanged gunfire near the intersection of Ashmead and Rubicam Streets. Shortly thereafter, police received a radio call for a person shot in the area of 300 Ashmead Street, Philadelphia, PA. Within seconds of the first radio call, a second radio call came in identifying two black males, one wearing all black clothing and the other wearing a red baseball hat and grey shirt.

> Sergeant [Stacy] Harris testified that he encountered the Appellant and his friend within ten (10) seconds of the radio call near the motorcycle club on Penn Street and Belfield Avenue.

* Retired Senior Judge specially assigned to the Superior Court.

The motorcycle club is a gated location[,] but the door was open when Sergeant Harris arrived. Once backup arrived, Sergeant Harris entered with the additional officers through the open door and saw Appellant in the kitchen wearing dark clothes. Sergeant Harris testified that not only did the Appellant match the information on the radio call in the vicinity[,] but [he] was sweating and looked nervous.

Following a pat down for safety, Sergeant Harris found a firearm on the Appellant . . . Appellant testified that he was under the mistaken understanding that he had a valid license to carry a firearm. He obtained a license to carry in October 2007[,] which did not expire until October 2012. Appellant also testified that he was unaware of the letter sent by the Philadelphia Police Department[,] dated July 3, 2009[,] which revoked his license to carry based on his June 26, 2009 arrest for possession of marijuana.

PCRA Court Opinion, 1/10/17, at 1-2.

Based on the foregoing, Appellant was charged with carrying a firearm without a license and carrying a firearm in public in Philadelphia. Appellant filed a motion to suppress. Following a hearing on April 29, 2013, that motion was denied. The matter proceeded immediately to trial. Following trial, Appellant was found guilty of the aforementioned offenses. On June 17, 2013, the court imposed a sentence of nine to eighteen months incarceration, plus two years probation. Appellant did not file an appeal.

On August 7, 2013, Appellant filed a timely, *pro se*, PCRA petition. Appointed counsel then filed an amended PCRA petition on November 10, 2014. On February 16, 2016, the PCRA court denied the petition without a hearing, and Appellant filed a timely notice of appeal. He then complied with the PCRA court's order to file a Rule 1925(b) concise statement of errors

complained of on appeal, and the PCRA court authored a Rule 1925(a) opinion. This matter is now ready for our review.

Appellant raises three questions for our consideration:

1. Whether the court incorrectly denied PCRA relief where due to a motion to incorporate all relevant non-hearsay testimony, the Appellant was never identified at trial as the person who had been observed outside by a non-testifying eye-witness as the person carrying or in possession of a firearm prior to his arrest inside the motorcycle club, and where his attorney provided ineffective assistance of counsel violating his constitutional rights under the U.S. Const. Amend. IV, and XIV and PA.Const. art. I, sec 9?

2. Whether the court incorrectly denied PCRA relief where the trial court denied a pre-trial motion to suppress evidence confiscated inside a private motorcycle club, particularly where the club was open to members only, not open to the general public, and not on a public street?

3. Whether the PCRA court erred in failing to find that the Commonwealth failed to establish proof beyond a reasonable doubt that Appellant knew he did not have a license to carry, or that Appellant was adequately notified of his license termination making him subject to criminal charges when the notification letter sent out by the Police Department was returned to the Police Department who took no further action to notify Appellant of termination?

Appellant's brief at 4.

Before we address the issues raised, we must first determine whether Appellant is eligible for relief. Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which reads in pertinent part:

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

   (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

     (i) currently serving a sentence of imprisonment, probation or parole for the crime;

     (ii) awaiting execution of a sentence of death for the crime; or

     (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a).

We have previously observed, "[e]ligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for a crime." *Commonwealth v. Turner*, 80 A.3d 754, 761-62 (Pa. 2013). Thus, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

Instantly, our review of the record and of Appellant's public docket sheet reveals that he is no longer serving his sentence. Appellant was sentenced to nine to eighteen months imprisonment, followed by two years probation, on June 17, 2013. As such, Appellant's term of imprisonment expired on December 17, 2014. Accordingly, his term of probation expired on December 17, 2016. Since Appellant is no longer serving a sentence of imprisonment, probation, or parole for the firearms offenses at issue herein,

- 4 -

he is ineligible for PCRA relief. 42 Pa.C.S. § 9453(a)(1)(i); ***Turner***, ***supra***;

***Ahlborn***, ***supra***. Hence, we affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>11/16/2017</u>