J-S23031-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                    :         PENNSYLVANIA
                    :
        v.             :
                    :
                    :
MICHAEL JACOB RUMBLE       :
                    :
        Appellant     :   No. 1350 WDA 2018

Appeal from the PCRA Order Entered August 22, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001299-2014

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.:           FILED MAY 8, 2019

Appellant, Michael Jacob Rumble, appeals from the order dismissing his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The underlying facts of this case were previously summarized by this Court in Commonwealth v. Rumble, No. 1421 WDA 2015, unpublished memorandum at 1-3 (Pa. Super. filed Dec. 6, 2016).  We briefly note that a jury convicted Appellant of two counts of driving under the influence and related offenses.  On August 19, 2015, "Appellant was sentenced to a term of imprisonment of not less than four (4) months nor more than twenty-three (23) months."  Trial Court Statement in Lieu of Opinion, 10/23/2018.  He was also disqualified by the Department of Transportation of the Commonwealth

_____

[1] 42 Pa.C.S. §§ 9541–9546.

*   Retired Senior Judge assigned to the Superior Court.

from holding a commercial driver's license ("CDL") pursuant to 75 Pa.C.S. § 1611(c). This Court affirmed his judgment of sentence, and Appellant filed a petition for allowance of appeal, which our Supreme Court denied on June 7, 2017. "The P.C.R.A. petition was filed on July 16th, 2018, approximately one (1) year after [Appellant] was released from parole supervision." Trial Court Statement in Lieu of Opinion, 10/23/2018. Accordingly, Appellant is no longer serving a sentence in the current action. See id.

Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>>
>>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S. § 9543(a) (emphasis added); see also Commonwealth v. Ahlborn, 699 A.2d 718, 720 (Pa. 1997). Appellant is not currently imprisoned, on probation, or on parole. Although Appellant contends that, according to Shoul v. Commonwealth, Department of Transportation, Bureau of Driver Licensing, 173 A.3d 669 (Pa. 2017), the "lifetime suspension" of his CDL "is a violation of the provisions of the United States

and Pennsylvania Constitutions regarding cruel and unusual punishment[,]"[2] Appellant's Brief at 8,[3] we find no case or statutory law – and Appellant provides us with none – that a "punishment" pursuant to the United States and Pennsylvania Constitutions is the equivalent of a "sentence" under the PCRA. The exact language of the PCRA itself indicates that any other type of sanction besides "imprisonment, probation or parole" is not a "sentence" entitling a petitioner to relief under the PCRA. 42 Pa.C.S. § 9543(a). "The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning." Commonwealth v. Gosselin, 861 A.2d 996, 1000 (Pa. Super. 2004). As the plain meaning of Section 9543(a) is that only those three sanctions constitute a "sentence," Appellant's license suspension, even if referred to as a "punishment" elsewhere, is not a "sentence" pursuant to the PCRA, and, thus, Appellant is not eligible for relief under the PCRA.[4] Hence, we affirm the PCRA court's order.

_____

[2] The Pennsylvania Supreme Court in Shoul specifically concluded that disqualification from holding a CDL "constitutes punishment because it, at least in part, exacts retribution or deters crime." 173 A.3d at 682. However, due to the inadequacy of the record, the Court never reached the question of whether the sanction was "cruel and unusual punishment." Id. at 685-88. Additionally, in the current appeal, Appellant's CDL was suspended under 75 Pa.C.S. § 1611(c), whereas appellee's CDL in Shoul was suspended under 75 Pa.C.S. § 1611(e).

[3] Appellant's Brief is not paginated; however, its table of contents states that his "Argument" section begins on page 8, where this quotation appears.

[4] Nothing in this decision precludes Appellant from filing a civil action appealing his lifetime disqualification from holding a CDL, as the appellee did in Shoul, 173 A.3d at 674.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2019