J-S55033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EDWARD MARSH | : | |
| | : | |
| Appellant | : | No. 458 WDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000098-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED NOVEMBER 14, 2019**

Appellant, James Edward Marsh, appeals from the order entered February 28, 2019, that denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We remand with instructions.

At Docket Number CP-56-CR-0098-2017 ("98-17"), on June 22, 2017, Appellant pleaded guilty to burglary and receiving stolen property.[2]  On September 7, 2017, Appellant was sentenced for these convictions, as well as for the convictions at four other docket numbers:  CP-56-CR-1003-2016 ("1003-16"), CP-56-CR-0099-2017 ("99-17"), CP-56-CR-0100-2017 ("100-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3502(a)(4) and 3925(a), respectively.

17"), and CP-56-CR-0206-2017 ("206-17"). His sentences for these actions

were as follows:

> For **1003-16**, Appellant was sentenced to six months of probation, to be served concurrently to all his other sentences.

> For **98-17**, the current appeal, Appellant was sentenced to an aggregate judgment of sentence of 12 to 24 months of confinement. Appellant was "entitled to credit for time served in this case, totalling 224 days, extending from January 27th, 2017, to September 7th, 2017." Sentence Order, 9/7/2017, at 2; ***see also*** N.T., 9/7/2017, at 10.

> For **99-17**, Appellant was sentenced to 24 to 48 months of confinement to be served consecutively to the sentences at Docket Numbers 98-17, 100-17, and 206-17. Appellant received credit for time served of 220 days.

> For **100-17**, Appellant was sentenced to 24 to 48 months of confinement to be served consecutively to the sentences at Docket Numbers 98-17, 99-17, and 206-17. Appellant received credit for time served of 232 days.

> For **206-17**, Appellant was sentenced to 6 to 12 months of confinement to be served consecutively to the sentences at Docket Numbers 98-17, 99-17, and 100-17. Appellant was "entitled to credit for time served in this case totalling 183 days, extending from March 8th, 2017, to September 7th, 2017." Sentence Order, 9/7/2017, at 4; ***see also*** N.T., 9/7/2017, at 12.

During the sentencing hearing, the trial court stated:

> **The sentences in cases Nos. 98[-]17, 99[-]17, 100[-]17, and 206[-]17, shall be served consecutively**; thereby creating an aggregate sentence of not less than 66 months nor more than 132 months' incarceration in a State Correctional Institution. . . . I'll go back to what I dictated a moment ago, which is to reiterate that the sentence in case Nos. 98[-17], 99[-17], 100[-17], and 206[-]17, shall be served consecutively, creating an aggregate sentence of not less than 66 months, nor more than 132 months' incarceration, in a State Correctional Institution.

*Id.* at 12-13 (some emphasis omitted). The written sentencing order states:

"**The sentencing in Case Nos. 98[-17], 99[-17], 100[-17], and 206[-]17, shall be served consecutively**, creating an aggregate sentence of not less than 66 months, nor more than 132 months' incarceration, in a state correctional institution." Sentence Order, 9/7/2017 (emphasis added). Appellant did not file a direct appeal at 98-17.

On August 27, 2018, Appellant filed his first, *pro se*, timely PCRA petition. The PCRA court appointed counsel to represent Appellant, who filed an amended PCRA petition on October 23, 2018. On February 28, 2019, the PCRA court held an evidentiary hearing and denied Appellant's petition. On March 5, 2019, Appellant filed this timely appeal.[3]

> Appellant presents the following issue for our review:
>
> Whether the [PCRA] court erred in dismissing Appellant's amended post-conviction collateral relief act petition by finding that Appellant did not establish the ineffective assistance of trial counsel.

Appellant's Brief at 5.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

---

[3] Appellant filed his statement of errors complained of on appeal on March 29, 2019. The trial court entered its opinion on July 3, 2019.

Eligibility for relief under the PCRA is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>>
>>> (i) **currently serving a sentence of imprisonment, probation or parole** for the crime;

42 Pa.C.S. § 9543(a) (emphasis added); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

We cannot determine from the existing record whether Appellant is currently serving a sentence at the instant docket number, 98-17. Although the written sentencing order states that Appellant's sentences for 98-17, 99-17, 100-17, and 206-17 "shall be served consecutively," Sentence Order, 9/7/2017, at 4, we have no indication of the order in which the sentences for each docket number were arranged, how credit for time served was distributed, or how these sentences may have been divided between confinement and possible future parole. The notes of testimony from the sentencing hearing do not provide any clarification on these points. N.T., 9/7/2017, at 12-13.

For example, the sentence for 98-17 could have been served first, with 99-17, 100-17, and 206-17 following in sequence. Appellant was sentenced on September 7, 2017, but, with 224 days credited for time served, his

- 4 -

sentence for 98-17 began on January 27, 2017. Sentence Order, 9/7/2017, at 2; N.T., 9/7/2017, at 10. His maximum sentence at 98-17 was 24 months. Accordingly, if his sentence for 98-17 was served first, his sentence could have been completed by January 27, 2019, at the latest. If so, Appellant is not currently imprisoned, on probation, or on parole at 98-17, and, consequently, is not eligible for relief under the PCRA. 42 Pa.C.S. § 9543(a)(1)(i); ***Ahlborn***, 699 A.2d at 720.

However, in another example, his sentences could have been served in order beginning with 206-17, followed by 100-17, then 99-17, and ending with 98-17. Appellant was sentenced on September 7, 2017, but, with 183 days credited for time served, his sentence for 206-17 began on March 8, 2017. Sentence Order, 9/7/2017, at 4; N.T., 9/7/2017, at 12. His maximum sentence at 206-17 was 12 months. Accordingly, if his sentence for 206-17 was served first, his sentence could have been completed by March 8, 2018. If his sentence for 100-17 then commenced, he may not finish serving the maximum sentence for 100-17 until 2021 and, ergo, may not have yet begun his sentences for 99-17 and 98-17. If so, then Appellant is eligible for relief pursuant to the PCRA, and we may address the merits of his appeal. ***See*** 42 Pa.C.S. § 9543(a)(1)(i).

Yet a third possibility is that Appellant has only served the 12-month minimum of his sentence at 98-17, and the remaining 12 months of his sentence have been delayed until the completion of the minimum terms from

his other docket number, with that remaining 12 months from 98-17 possibly to be served as parole and not confinement. In this instance, Appellant would be eligible for relief pursuant to the PCRA, and we could address the merits of his appeal. **See** 42 Pa.C.S. § 9543(a)(1)(i).

In conclusion, we have no means of discerning whether Appellant has completed his sentence at 98-17, and, whether he is thereby even eligible for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(1). We therefore remand the current matter to the PCRA court for it to make this determination. The PCRA court may hold any additional hearings that it deems necessary in order to determine Appellant's eligibility pursuant to 42 Pa.C.S. § 9543(a)(1). The parties may call witnesses and present evidence, including presenting any records or witnesses from the Pennsylvania Department of Corrections. The PCRA court must make this determination of Appellant's eligibility for relief pursuant to 42 Pa.C.S. § 9543(a)(1) within thirty days of the date that the certified record for 98-17 is returned to the Somerset County Clerk of Courts. The PCRA court's determination must be included with the certified record when it is returned to this Court following remand.

Case remanded with instructions. Panel jurisdiction retained.