J-S06028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON LEE BROWN | : | |
| | : | |
| Appellant | : | No. 2741 EDA 2019 |

Appeal from the Order Entered August 20, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000151-2003

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY McLAUGHLIN, J.: **FILED APRIL 27, 2020**

Jason Lee Brown appeals from the denial of his application for relief. Because the application is properly considered a petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and because Brown is no longer serving his sentence, we affirm.

On December 1, 2003, Brown pleaded guilty to robbery and was sentenced to not less than two nor more than five years of incarceration. He filed the instant application for relief on August 9, 2019, and the trial court denied it on August 20, 2019. Brown filed a timely notice of appeal *pro se.*

In his appellate brief, which fails to comport with the briefing requirements set forth in our rules of appellate procedure, Brown claims that

he is entitled to dismissal of all charges because his rights to a jury trial and to confront his victim were violated when he entered a guilty plea to robbery.[1]

"It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013); *see also* 42 Pa.C.S.A. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect").

Brown's claims challenging his knowing waiver of his right to a jury trial and his right to confront witnesses, concern the legality of his conviction and are clearly encompassed by the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii). Hence, Brown's application for relief is properly considered a PCRA petition. The law is clear that a petitioner is not eligible for PCRA relief if his sentence is complete. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). As Brown's sentence was for a maximum of five years' incarceration beginning in December 2003, he is no longer serving his sentence. He was thus ineligible for PCRA relief, and we affirm the PCRA court's order.

Order affirmed. Application for remand denied as moot.

---

[1] Although Brown also claims that the PCRA court failed to serve a copy of its order on him, we note that Brown learned of the denial of his application and was able to file a timely notice of appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/20