J-S32013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. PARIS | : | |
| | : | |
| Appellant | : | No. 736 MDA 2022 |

Appeal from the PCRA Order Entered April 20, 2022
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000950-2015


BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED: DECEMBER 20, 2022**

Thomas J. Paris appeals, *pro se*, from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9545. We affirm.

In January 2016, Paris entered an open guilty plea to one count of receiving stolen property. In March 2016, the trial court sentenced Paris to 23 months of probation. Paris did not file a direct appeal. On February 23, 2018, the Commonwealth filed a motion to revoke Paris's probation, based upon Paris's arrest due to his involvement in two separate criminal episodes. On March 20, 2018, Paris stipulated to the probation violations, and the trial court revoked probation and resentenced Paris to one to two years in prison. Notably, the sentencing order explicitly states that the maximum date on the

sentence is February 18, 2020, due to credit for time served. Paris again did not file a direct appeal.

On May 15, 2019, Paris filed his first PCRA petition, arguing the trial court should modify and reduce his term of imprisonment. The PCRA court denied relief. On June 17, 2019, Paris, *pro se*, filed a second PCRA petition, claiming the trial court failed to provide credit for time spent at liberty while on probation. The PCRA denied the petition as untimely filed. This Court affirmed the PCRA court's order. **See Commonwealth v. Paris**, 1114 MDA 2019 (Pa. Super. filed Jan. 28, 2020) (unpublished memorandum).

On January 5, 2022, Paris filed the instant PCRA petition, broadly reasserting the claims he raised in his second PCRA petition. The PCRA court issued a Pa.R.Crim.P. 907 notice. In response, Paris filed two separate filings, titled "PCRA petition," wherein he states, in part, that his sentence expired on February 18, 2020. Subsequently, the PCRA court dismissed Paris's PCRA petition as untimely filed. This timely appeal followed.

We need not reach the substance of Paris's issue on appeal, as he is ineligible for PCRA relief. The PCRA states that an appellant not currently incarcerated or on probation or parole regarding the sentence for which PCRA relief is requested cannot establish eligibility for PCRA relief. **See** 42 Pa.C.S.A § 9543(a)(1)(i); **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) (stating that PCRA petitioner who had completed his prison

- 2 -

sentence prior to any final adjudication of his PCRA petition was ineligible for PCRA relief).

Here, on March 20, 2018, the trial court imposed a probation revocation sentence, which had a maximum of 2 years in prison, and a maximum sentence date of February 18, 2020. *See* Order, 3/20/18; *see also* PCRA Petition, 4/18/22, at 1 (unnumbered) (wherein Paris admits that his sentence concluded on February 18, 2020); PCRA Petition, 3/31/22, at 1 (unnumbered) (same). Paris has accordingly completed serving the sentence for which he seeks relief.

As Paris is no longer in prison or on probation or parole, we find he has failed to meet the requirements of eligibility for relief under the PCRA. *See* 42 Pa.C.S.A § 9543(a)(1); *see also Ahlborn*, 699 A.2d at 720. Accordingly, because the PCRA court ultimately dismissed the PCRA petition, we affirm the decision, albeit on different grounds.[1]

Order affirmed.

_____

[1] We additionally note that Paris's sentence became final in April 2018, upon the expiration of the time to file a direct appeal. Therefore, his instant PCRA petition, filed on January 5, 2022, was patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"). Furthermore, Paris does not plead and prove any of the timeliness exceptions. *See id.*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2022