**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1886
_____

VAMSIDHAR REDDY VURIMINDI,
Appellant

v.

ERIN MORGAN, TRAVIS COUNTY TEXAS PROBATION OFFICER;
ATTORNEY GENERAL PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-00882)
District Judge: Honorable Kai N. Scott

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on March 7, 2025

Before: MATEY, FREEMAN and ROTH, *Circuit Judges*

(Opinion filed: August 12, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, *Circuit Judge*

While Vamsidhar Vurimindi's second Pennsylvania Post Conviction Relief Act (PCRA) petition was pending, he petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. The District Court dismissed his habeas petition for failure to exhaust available state remedies, and Vurimindi appealed. While this appeal was pending, Vurimindi completed his state supervision and became ineligible for relief under the PCRA. The PCRA court dismissed his PCRA petition. Since Vurimindi is now ineligible for relief under the PCRA, his state remedies are exhausted. We will vacate the District Court's order of dismissal and remand this matter for further proceedings on the habeas petition.

## I.    Background[1]

In February 2014, after a one-day bench trial, Vurimindi was convicted of two counts of stalking and one count of disorderly conduct. In April 2014, the court sentenced Vurimindi to an aggregate term of two-and-a-half to five years in prison followed by five years' probation. On April 25, 2014, Vurimindi filed pro se a motion for reconsideration of sentence, which was received on May 1, 2014. The court mis-docketed the motion as "pro se correspondence" and took no action on it.[2] The next day, Vurimindi also filed a pro se PCRA petition. Sometime in 2017, while preparing for a PCRA hearing, the Commonwealth discovered Vurimindi's mis-docketed motion for reconsideration from 2014. In June 2017, the PCRA court denied by operation of law

---

[1] Because we write for the parties, we recite only those facts necessary to our disposition.
[2] Appx 1432, 1470.

Vurimindi's post-sentence motions and reinstated his direct appeal rights. Vurimindi filed a notice of appeal. On September 10, 2019, after the Pennsylvania Superior Court affirmed the judgment of sentence and the state supreme court denied his petition for appeal, Vurimindi filed another pro se PCRA petition.

While Vurimindi's second PCRA petition was pending, he filed a federal habeas corpus petition on March 4, 2023. Two months later, the District Court adopted a magistrate judge's report and recommendation that the petition be dismissed without prejudice because Vurimindi had not exhausted the claims in his state post-conviction proceedings. Vurimindi filed a notice of appeal, which we construed as an application for a certificate of appealability (COA). On August 4, 2023, we denied his COA application, agreeing with the District Court that he had unexhausted claims in state court. However, on September 5, 2023, upon a motion by Vurimindi, we vacated our order denying him a COA and submitted his COA application to a motions panel for review. Days earlier, on August 30, 2023, Vurimindi's state supervision ended—thus

3

rendering him ineligible for PCRA relief[3]—and as a result, in September 2023, his PCRA petition was dismissed.[4]

Following the dismissal of Vurimindi's PCRA petition, we granted him a COA with respect to three issues: "whether (1) the claims that were pending in PCRA court at the time [Vurimindi] filed his [federal habeas corpus] petition . . . are no longer barred from federal review in light of the PCRA court's . . . order dismissing his petition as moot because Pennsylvania's custody requirement deprives him of 'available' state remedies under § 2254(b)[;] . . . (2) the exhaustion requirement can be excused or satisfied based on developments in state court that occurred *after* the District Court's final order; and (3) the petition states a valid claim of the denial of a constitutional right."[5]

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.[6] Our review is plenary where, as here, "the District Court

---

[3] "To be eligible for relief under the [PCRA], the petitioner must" be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). The Pennsylvania Supreme Court "ha[s] construed th[e] provision to preclude PCRA relief where the petitioner is no longer serving a sentence for the crime at the time the PCRA court renders a decision." *Commonwealth v. Smith*, 17 A.3d 873, 904 (Pa. 2011) (citing *Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997)).

[4] Vurimindi appealed the dismissal of his PCRA petition, which the Pennsylvania Superior Court affirmed in February 2025. *See Commonwealth v. Vurimindi*, No. 2272 EDA 2023, 2025 WL 408698, at *1 (Pa. Super. Ct. Feb. 5, 2025). He subsequently filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied. *See Commonwealth v. Vurimindi*, No. 73 EAL 2025, 2025 WL 1822802, at *1 (Pa. July 25, 2025).

[5] Appx 1352–53 (emphasis added) (citations omitted).

[6] *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007).

dismissed the petition without conducting an evidentiary hearing."[7]  We likewise exercise plenary review over the District Court's determination regarding exhaustion.[8]

### III.   Discussion

As codified in § 2254, the exhaustion doctrine requires a petitioner for a writ of habeas corpus to first "exhaust[] the remedies available in the courts of the State."  To exhaust, a petitioner "must 'fairly present' all federal claims to the highest state court before bringing them in federal court."[9]  But where there is "no available state corrective process," exhaustion is excused.[10]  Such is the case for Vurimindi.

To be eligible for PCRA relief, a petitioner must be "*currently* serving a sentence of imprisonment, probation or parole."[11]  Following the plain language of the statute, Pennsylvania courts apply a bright-line eligibility rule denying PCRA relief when a petitioner is no longer serving a sentence.[12]  Because Vurimindi has completed his supervision, PCRA relief is no longer available to him.[13]  As we held in *Leyva v. Williams*, noncompliance with Pennsylvania's custody requirement deprives a petitioner

---

[7] *Morton v. Dir. V.I. Bureau of Corr.*, 110 F.4th 595, 600 (3d Cir. 2024) (citing *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009)); *see Levya*, 504 F.3d at 363.

[8] *Albrecht v. Horn*, 485 F.3d 103, 114 (3d Cir. 2007).

[9] *Leyva*, 504 F.3d at 365 (quoting *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002)).

[10] *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), *as amended*, (Jan. 16, 1998); *see also* § 2254(b)(1)(B)(i).

[11] § 9543(a)(1)(i) (emphasis added).

[12] *See Ahlborn*, 699 A.2d at 720.  In contrast to the PCRA's current-sentence requirement, federal courts "look[] to the date that the habeas petition was filed" to determine whether a petitioner is "in custody" to be eligible for relief.  *See Barry v. Bergen Cnty. Prob. Dep't*, 128 F.3d 152, 159 (3d Cir. 1997).

[13] *See Vurimindi*, 2025 WL 408698, at *4–5.

of "available State corrective process."[14]  Pennsylvania law therefore "clearly foreclose[s]
state court review of [the] unexhausted claims."[15]  Thus, we find Vurimindi's PCRA
claims to be exhausted.[16]

The fact that the exhaustion occurred during the pendency of this appeal does not
preclude federal court review.  In *Sharpe v. Buchanan*,[17] the Supreme Court remanded a
habeas corpus petition to a district court for consideration on the merits where the
petitioner exhausted his state court remedies *after* the U.S. Court of Appeals for the Sixth
Circuit affirmed the dismissal of his petition for failure to exhaust.[18]  Additionally, in past
decisions, we have reviewed district court denials of petitions for a writ of habeas corpus
where exhaustion of state remedies occurred during the appeal.[19]  Although Vurimindi's
supervision ended and the PCRA court dismissed his petition after the District Court's
final order, because Vurimindi is no longer "currently serving a sentence" as required by
the PCRA,[20] the "absence of available State corrective process" alone is sufficient for
exhaustion, regardless of when it occurs or the reason for their unavailability.[21]

---

[14] *Levya*, 504 F.3d at 368–69 (quoting § 2254(b)).

[15] *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

[16] Because we find that Vurimindi's PCRA claims are exhausted due to a lack of state corrective process under § 2254(b)(1)(B)(i), we need not consider the Commonwealth's arguments relating to alternative grounds for exhaustion under § 2254(b)(1)(B)(ii).

[17] 317 U.S. 238 (1942) (per curiam).

[18] *Id.* at 238–39.  Although the Court decided *Sharpe* prior to the codification of § 2254's exhaustion requirement, "[t]he exhaustion doctrine existed long before its codification by Congress in 1948."  *See Rose v. Lundy*, 455 U.S. 509, 515 (1982).

[19] *See Carrascosa v. McGuire*, 520 F.3d 249, 255 & n.13 (3d Cir. 2008); *cf. Carpenter v. Vaughn*, 296 F.3d 138, 147 (3d Cir. 2002).

[20] *See* § 9543(a)(1)(i).

[21] § 2254(b)(1)(B)(i); *Leyva*, 504 F.3d at 368–69; *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006).

6

Assessing whether Vurimindi's petition states a valid claim of a denial of a constitutional right requires a review of the state court record, which was not filed with the District Court. We will therefore remand this matter to the District Court to review the merits of Vurimindi's habeas petition in the first instance.[22]

## IV. Conclusion

Because we find that Vurimindi has now exhausted state court remedies to allow federal review, we will vacate the District Court's dismissal and remand for further proceedings on the habeas petition, consistent with this opinion.

---

[22] *See Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 201 (2012) ("[W]hen we reverse on a threshold question, we typically remand for resolution of any claims the lower courts' error prevented them from addressing."). Of course, the court need not reach the merits if, after appropriate fact-finding, it concludes that Vurimindi's claims are procedurally defaulted and that no exception to the procedural-default rule applies. *See Leyva*, 504 F.3d at 365 ("Even when a petitioner properly exhausts a claim . . . a federal court may not review it on the merits if a state court's decision rests on a violation of a state procedural rule."); *id.* at 368 ("[T]he absence of state corrective process is generally an excuse to the *exhaustion* requirement, not to the application of *procedural default*. We have therefore applied procedural default when the reason for the absence of state process is a petitioner's failure to comply with state procedural rules." (citations omitted)). If the court concludes that the claims are not defaulted (or that Vurimindi has shown cause and prejudice to excuse any default), the court should consider their merits. *See Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 657 (3d Cir. 2011).