J-A26030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
BONNIE JEAN KLINGENSMITH :
:
Appellant : No. 341 WDA 2025

Appeal from the Order Entered February 21, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003606-2019

BEFORE: OLSON, J., STABILE, J., and KING, J.

JUDGMENT ORDER BY OLSON, J.: **FILED: November 25, 2025**

Appellant, Bonnie Jean Klingensmith, appeals from the order entered on

February 21, 2025, dismissing her second petition for relief filed pursuant to

the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously set forth the facts and procedural history of this

case as follows:

> On September 23, 2019, Appellant pled guilty to driving under the
> influence ("DUI")—second offense and disorderly conduct. In
> exchange for her guilty plea, the Commonwealth withdrew other
> charges. That same day, the court sentenced her to 90 days of
> house arrest plus 18 months of probation. Appellant did not file
> post-sentence motions or a direct appeal.
>
> On February 5, 2020, Appellant sent a letter to the court
> requesting PCRA relief. The [PCRA] court appointed counsel, who
> filed an amended petition on April 10, 2020, and a supplement to
> the amended petition on August 13, 2020. On September 30,
> 2020, the PCRA court filed notice of its intent to dismiss *per*
> Pa.R.Crim.P. 907. Appellant filed a response on October 8, 2020.
> The [PCRA] court dismissed the PCRA petition on July 27, 2021.

***Commonwealth v. Klingensmith***, 287 A.3d 859, at *1 (Pa. Super. 2022) (internal footnote omitted) (non-precedential decision).

Appellant appealed and a panel of this Court affirmed the denial of PCRA relief:

> [W]e observe[d] that an appellant must be "currently serving a sentence of imprisonment, probation or parole for the crime" for which relief is requested to be eligible for PCRA relief. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i). Our Supreme Court has upheld this requirement even where the PCRA petitioner filed the petition while still serving a sentence. ***See Commonwealth v. Ahlborn***, 699 A.2d 718, 721 (Pa. 1997) (concluding that despite filing petition while still serving his sentence, appellant was ineligible for relief because he was not currently serving sentence).
>
> Instantly, the [trial] court sentenced Appellant on September 23, 2019, to 90 days of house arrest followed by 18 months of probation. The record confirms Appellant finished serving the house arrest portion of her sentence in December 2019, at which time her probationary period commenced. Accordingly, [by October 22, 2022, when this Court filed this decision regarding Appellant's first PCRA petition,] Appellant ha[d already] completed serving her sentence for the crimes at issue. Therefore, we [we]re constrained to conclude that Appellant [was] ineligible for PCRA relief. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i); ***Ahlborn***, ***supra***. Thus, we affirm[ed] the court's denial of PCRA relief[.]

***Id.*** (brackets supplied).

Currently, on December 16, 2024, Appellant filed another *pro se* PCRA petition. On February 20, 2025, the PCRA court dismissed Appellant's second PCRA petition without an evidentiary hearing. This timely *pro se* appeal resulted. In an opinion pursuant to Pa.R.A.P. 1925(a), filed on April 16, 2025, the PCRA court recognized that "the record reflects that [Appellant] is no

longer eligible for [PCRA] relief because she is no longer serving a sentence of imprisonment, probation or parole." PCRA Court Opinion, 4/16/2025, at 3-4. We agree with the PCRA court's assessment. As we previously determined, Appellant had completed serving her sentence for the crimes at issue. **Klingensmith**, 287 A.3d 859, at *1. Therefore, we are constrained to conclude that Appellant remains ineligible for PCRA relief for the same reason that her first PCRA petition was denied. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Ahlborn**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/25/2025