J-S32010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN J. VOIT | : | |
| | : | |
| Appellant | : | No. 794 WDA 2021 |

Appeal from the PCRA Order Entered July 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005607-2018

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:              **FILED: NOVEMBER 1, 2021**

John J. Voit appeals *pro se* from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  Voit is ineligible for relief.  We, therefore, affirm.

On January 31, 2019, a jury convicted Voit of one count of simple assault[1] for his role in a domestic incident involving his sister and brother-in-law.  The court, sitting as a separate finder of fact, convicted Voit of one count of summary harassment.[2]  On June 13, 2019, the court sentenced Voit to two years' probation. On direct appeal, this Court affirmed Voit's judgment of sentence.  **Commonwealth v. Voit**, 1248 WDA 2019 (Pa. Super. filed Sept.

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] 18 Pa.C.S.A. § 2709(a)(1).

11, 2020) (unpublished memorandum decision). Voit did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on October 12, 2020, when the 30-day window for seeking appellate review expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). As such, Voit had until October 12, 2021 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"). Voit filed a timely *pro se* PCRA petition on December 30, 2020.

The court appointed PCRA counsel, who filed an amended petition raising four claims of trial counsel's ineffectiveness. On June 11, 2021, the PCRA court denied relief. Voit filed this *pro se* appeal on July 7, 2021.

Voit's two-year probationary sentence, imposed on June 13, 2019, expired on June 13, 2021. Since Voit is not currently serving a sentence "of imprisonment, probation or parole for the crime[,]" he is not eligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) **currently serving a sentence of imprisonment, probation or parole**

**for the crime**.") (emphasis added); ***Commonwealth v. Alhborn***, 699 A.2d 718 (Pa. 1997). ***See also Commonwealth v. Plunkett***, 151 A.3d 1108, 1113 (Pa. Super. 2016) (statutory requirement that petitioner for postconviction relief be currently serving sentence is applicable where postconviction relief court's order was issued while petitioner was still serving required sentence, but sentence terminated prior the resolution of appeal); ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citing ***Ahlborn***, 699 A.2d at 720) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/01/2021