J-S31013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFF LAVALLIERE | |
| Appellant | No. 1816 EDA 2020 |

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000137-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFF LAVALLIERE | |
| Appellant | No. 1817 EDA 2020 |

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000139-2013

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 18, 2022**

Appellant Jeff Lavalliere appeals from the August 21, 2020 orders of the

Court of Common Pleas of Philadelphia County ("PCRA court"), which

_____

[*] Retired Senior Judge assigned to the Superior Court.

dismissed his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1] On December 14, 2012, Appellant was working as a security guard at Old Silver Lounge, Charlie B located at 153 East Chelten Avenue. Appellant began his shift at 9:00 p.m. At approximately 11:45 p.m., Complainant, Frances Myrick,[2] lost her cell phone inside the establishment and reported it to Appellant. Appellant entered the bar in an attempt to locate the missing cell phone. Ms. Myrick was intoxicated and became angry when her cell phone was not located, and was asked to leave the bar.

Ms. Myrick, and Complainant, Curtis Richardson, left the bar with approximately six other people. Ms. Myrick remained by the door and attempted to re-enter the bar. Appellant forcefully told her that she could not reenter and blocked her from gaining entry. Appellant and Ms. Myrick began to physically engage and tussle. A crowd began to form, approximately 10-15 people. Appellant grabbed Ms. Myrick's arms, attempted to restrain her, and handcuffed her. Members of Ms. Myrick's group converged toward Appellant. Appellant dragged Ms. Myrick into the street and eventually backed

---

[1] Unless otherwise specified, these facts come from this Court's Memorandum Decision filed on March 30, 2016 in connection with Appellant's direct appeal. ***Commonwealth v. Lavalliere***, No. 1056 EDA 2014, unpublished memorandum, at 1-4 (Pa. Super. filed March 30, 2016).

[2] Complainant, Frances Myrick, was also referred to as: Frances Mar and Tiffany Myrick throughout the course of the trial

- 2 -

into a parked car. Appellant ultimately handcuffed Ms. Myrick in the street and planted his knee in her back. The crowd was approximately eight feet away from Appellant and Ms. Myrick.

Appellant told the crowd to "back up." Appellant then fired his gun three times in the direction of Mr. Richardson. The police were notified and arrived within fifteen seconds of receiving the call. Police officer Dohan arrived and observed Appellant over the handcuffed Ms. Myrick with his knee on her back in the middle of the street. Officer Dohan smelled gun powder in the air and observed multiple shell casings near Appellant. Ms. Myrick was transported to the hospital and treated for a large cut on her jawline. Appellant was detained and subsequently arrested.

On January 16, 2013, in an information filed at docket number CP-51-CR-0000137-2013 identifying Mr. Richardson as the victim, Appellant was charged with aggravated assault, possessing instruments of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP"). Also on the same day, in an information filed at docket number CP-51-CR0000139-2013 naming Ms. Myrick as the victim, Appellant was charged with aggravated assault, PIC, simple assault, and REAP.

A nonjury trial was held on January 7, 2014. Subsequently, on January 10, 2014, the trial court found Appellant guilty of PIC, simple assault, and REAP at docket number CP-51-CR-0000137-2013, and guilty of REAP at docket number CP-51-CR-0000139-2013. On January 21, 2014, Appellant filed identical post-trial motions for judgment of acquittal at each docket

- 3 -

number that alleged the Commonwealth failed to present sufficient evidence to prove the crimes of which Appellant was convicted. On March 14, 2014, the trial court denied Appellant's motion for judgment of acquittal. Immediately thereafter, Appellant's trial counsel, James Ephraim Lee ("Attorney Lee") orally moved for extraordinary relief. Attorney Lee stated that he had discovered after trial that Mr. Richardson intimidated a witness from testifying at trial on Appellant's behalf. The Commonwealth proposed that a separate hearing be scheduled on the motion for extraordinary relief. Attorney Lee did not object, but he asked the trial court to defer sentencing until after the motion was decided. However, the trial court did not take a position on the motion for extraordinary relief, stated that a date for the motion would be given, and proceeded with sentencing.

Indeed, on the same day, the trial court held a sentencing hearing. At docket number CP-51-CR-0000137-2013, the trial court sentenced Appellant to serve a term of probation of two years on the conviction of simple assault, a term of probation of three years on the conviction of PIC, and no further penalty on the conviction of REAP. At docket number CP-51-CR-0000139-2013, the trial court sentenced Appellant to serve a term of probation of two years on the conviction of REAP. All probationary terms were ordered to be served concurrently. Attorney Lee and the Commonwealth eventually agreed on the record that a hearing on the motion for extraordinary relief would be held on April 25, 2014. N.T., Sentencing, 3/14/14, at 28.

On April 2, 2014, Appellant appealed the judgments of sentence. On April 25, 2014, the trial court declined to hear Appellant's motion for extraordinary relief, stating that it no longer retained jurisdiction to do so.

On March 30, 2016, a panel of this Court affirmed Appellant's judgments of sentence. Appellant did not file a petition for allowance of appeal. On April 6, 2016, Appellant filed the instant PCRA petition. At the time of filing, Appellant no longer was serving a sentence at docket number CP-51-CR-0000139-2013. He, however, still was serving a sentence at docket number CP-51-CR-0000137-2013 until the expiration of his probation on March 14, 2017.

Appellant's PCRA petition was not assigned to the court until September 13, 2018, after he had finished serving his sentence at docket number CP-51-CR-0000137-2013. Following the issuance of a Pa.R.Crim.P. 907 notice, the PCRA court dismissed Appellant's petition on August 21, 2020. Appellant timely and separately appealed at each docket number.[3] The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising twenty-two assertions of error. In response, the PCRA court prepared a Pa.R.A.P. 1925(a) opinion.

On appeal,[4] Appellant raises two issues for our review.

---

[3] On November 5, 2020, this Court *sua sponte* consolidated Appellant's appeals.

[4] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact
*(Footnote Continued Next Page)*

[I.] Should Appellant be allowed to pursue PCRA relief despite having completed his sentence because the considerable delay of the petition was attributable to the [PCRA] court?

[II.] Was Appellant denied due process where the trial court failed to rule on the oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704(B) because that failure deprived him of appellate review on the witness intimidation issue?

Appellant's Brief at 4 (unnecessary capitalizations omitted).

Before we may review the merits of Appellant's issues on appeal, we must determine whether he is eligible for collateral relief. Section 9543 of the PCRA provides that, to be eligible for relief, a petitioner must "plead and prove by a preponderance of the evidence . . . [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is ***at the time relief is granted[,] currently serving a sentence of imprisonment, probation or parole for the crime***." 42 Pa.C.S.A. § 9543(a) (emphasis added); ***see Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (noting that "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute").

Here, based upon our review of the record, and as mentioned earlier, we agree with the PCRA court that Appellant was sentenced to a concurrent term of three years' probation on **March 14, 2014**, which was set to expire on **March 14, 2017**. As the PCRA court found:

_____

and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

> [Appellant] filed his PCRA [petition] on April 6, 2016, after the Superior Court affirmed [his] judgment of sentence on March 30, 2016. When [Appellant] filed his PCRA petition, eleven months remained on his sentence on CP-51-CR-0000137-2013. [Appellant] completed his sentence on March 14, 2017. From the date counsel filed [Appellant's] PCRA petition on April 6, 2016, until the petition was assigned to this court on September 13, 2018, the record is **devoid of any effort by [Appellant] or [his counsel] to inquire as to the status of [Appellant's] PCRA [petition]**. After inquiring as to the delay within the First Judicial District of Pennsylvania, this court cannot satisfactorily explain the delay in the assignment of this matter to this court. The docket reflects that on May 13, 2016, the Pennsylvania Superior Court remitted the record to the appeal unit at the court of common pleas, but the [PCRA] petition was not assigned to this court until September 13, 2018. The first status listing was scheduled on October 26, 2018, which resulted in a "defense request" for continuance – the first of at least seven continuance requests, primarily from [Appellant]. Nevertheless, [Appellant] was not serving a sentence when his PCRA petition was assigned and scheduled before this court on September 2018, and when [Appellant's] PCRA [petition] was dismissed on August 21, 2020.

PCRA Court Opinion, 12/18/20, at 10-11 (unnecessary capitalizations omitted) (emphasis added). Because Appellant had finished serving his sentence and consistent with **Ahlborn**, Appellant did not satisfy the eligibility requirements outlined in Section 9543(a). Moreover, as the PCRA court found, Appellant made no effort to inquire about the status of his PCRA petition, considering the then rapidly approaching and impending expiration of his probationary sentence. Accordingly, the PCRA court did not err in concluding that it lacked

jurisdiction to entertain Appellant's PCRA petition. Appellant cannot obtain relief.[5]

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2022

---

[5] Based on the disposition, we need not consider Appellant's second issue on appeal. Even if we had jurisdiction to do so, Appellant still would not have obtained relief. Appellant could have raised – but did not –on direct appeal the issue of the trial court's failure to consider his motion for extraordinary relief. **See** 42 Pa.C.S.A. § 9544(b) (an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").