J-S32021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RACHIEM GODFREY | : | |
| | : | |
| Appellant | : | No. 253 MDA 2022 |

Appeal from the PCRA Order Entered January 28, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001661-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RACHIEM GODFREY | : | |
| | : | |
| Appellant | : | No. 254 MDA 2022 |

Appeal from the PCRA Order Entered January 28, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001662-2001

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: NOVEMBER 17, 2022**

Appellant, Rachiem Godfrey, appeals from the post-conviction court's January 28, 2022 orders dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court previously summarized the background underlying Appellant's convictions as follows:

On January 2, 2002, a criminal information was filed charging [Appellant] at criminal action number 2001-11661 [("No. 11661")] with two (2) counts of criminal attempt to commit criminal homicide, nine (9) counts of aggravated assault, and four (4) counts of recklessly endangering another person as a result of [Appellant's] conduct of pointing and discharging a handgun at a police officer and people in a vehicle. [Appellant] was charged at criminal action number 2001-11662 [("No. 11662")] with two (2) counts of violation of the Controlled Substance, Drug, Device and Cosmetic Act[, 35 P.S. § 780-101, *et seq*.,] and one (1) count each of criminal attempt to commit criminal homicide, aggravated assault, recklessly endangering another person, persons not to possess, use, manufacture, control, sell or transfer firearms, firearms not to be carried without a license, and receiving stolen property also in connection with [Appellant's] aim and discharge of a handgun at another person.

On June 20, 2002, [Appellant] entered a guilty plea with regard to the charges contained in both criminal action numbers. On August 28, 2002, the court sentenced [Appellant] to an aggregate term of five and one-half (5½) to eleven (11) years' imprisonment as a result of his convictions on both criminal action numbers.

On September 10, 2002, [Appellant] filed a *pro se* motion to modify and reduce sentence[,] which was denied on September 11, 2002. [Appellant] took no direct appeal from his judgment of sentence.

Order and Opinion at Nos. 11661 and 11662, 10/15/04, at 1-2 (unnecessary capitalization omitted).

On August 18, 2004, Appellant filed a PCRA petition, his first, at both docket numbers. The PCRA court dismissed the petition without a hearing. Appellant appealed, but his appeal was later dismissed by this Court due to his failure to file a brief.

On November 12, 2021, Appellant filed a second PCRA petition at both docket numbers. The PCRA court appointed counsel, and counsel filed an

amended petition at only No. 11662.[1] Therein, Appellant advanced that the sentencing court should have conducted an ability-to-pay hearing before imposing fines and costs on him. In addition, he asserted that the Department of Corrections improperly deducted illegal fines and costs from him in the amount of $1,479.50 at No. 11661, and $3,246.50 at No. 11662.

On January 28, 2022, the PCRA court entered an order dismissing Appellant's petition without a hearing at both docket numbers.[2] In the order, the PCRA court, *inter alia*, pointed out that Appellant "has failed to plead or establish that he is still serving a sentence for the underlying charges." Order, 1/28/22, at 2 (unpaginated).

On February 8, 2022, Appellant filed a timely notice of appeal at each docket number.[3] The PCRA court did not order Appellant to file a concise

---

[1] We believe filing the amended petition at only No. 11662 was an oversight on Appellant's counsel's part.

[2] Based upon our review of the record, it does not appear that the PCRA court issued Appellant notice of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. **See** Pa.R.Crim.P. 907(1) ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal."). However, Appellant has not objected to this lack of notice, and therefore such issue is waived. **See Commonwealth v. Wooden**, 215 A.3d 997, 1001 (Pa. Super. 2019) (noting that "an appellant's failure to challenge the absence of a Rule 907 notice constitutes waiver") (citation omitted).

[3] The appeal at No. 11661 was docketed at No. 253 MDA 2022. The appeal at No. 11662 was docketed at No. 254 MDA 2022.

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he did not do so.[4]

On appeal, Appellant presents one issue for our review:

Did the [PCRA c]ourt commit revers[i]ble error when it denied [Appellant's] PCRA application for consideration of ability to pay costs and fines?

Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). In order to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he or she has been convicted of a crime and is, at the time relief is granted, "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). When a petitioner has completed his or her term of imprisonment, probation, or parole, the petitioner is no longer eligible for post-conviction relief. **See Commonwealth v. Soto**, 983 A.2d 212, 213-14 (Pa. Super. 2009); **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) ("To be eligible for relief a petitioner must be **currently** serving a sentence of imprisonment, probation or parole.") (emphasis in original); **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (noting that the petitioner is no longer eligible for relief under

---

[4] This Court consolidated Appellant's appeals *sua sponte* on March 16, 2022.

the PCRA on completed sentence, though still incarcerated for other conviction).

Here, it appears from the record that Appellant has completed his sentence in the above-stated cases, and Appellant does not establish otherwise. **See Soto**, 983 A.2d at 213-14 ("The burden of proving that a petitioner is currently serving a sentence of imprisonment, probation or parole rests on the petitioner.").[5] Consequently, he is ineligible for relief under the PCRA. Accordingly, we affirm the PCRA court's orders dismissing his petition.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2022

---

[5] Appellant is currently serving a sentence in an unrelated case at CP-38-CR-0001154-2008. However, that does not make him eligible for post-conviction relief in the cases before us here. **See Stultz**, **supra**.

- 5 -