J-S23028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN JACKSON, JR. | : | |
| | : | |
| Appellant | : | No. 329 MDA 2022 |

Appeal from the PCRA Order Entered February 4, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002353-2018

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: JANUARY 13, 2023**

Jonathan Jackson, Jr. appeals the denial of his request for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims the court erred by not granting an evidentiary hearing for his claim that the victim had recanted. We dismiss the appeal as moot.

Jackson was charged with several crimes, including strangulation, following an incident with his girlfriend. At trial in November 2018, the victim testified for the prosecution and said that her statements to police immediately after the incident were not "a hundred percent accurate," she is bipolar and was not on medication, and that when she made the statements, she "couldn't remember everything[.]" N.T., Nov. 16, 2018, at 23. She then gave conflicting testimony. On direct examination, she said that Jackson had

---

[*] Retired Senior Judge assigned to the Superior Court.

restrained her by placing his hands around her neck, and that her ability to breathe was restricted because she was "movin' around and stuff." *Id.* at 11. On cross, however, she said that Jackson had not blocked her nose or mouth and that he had not impeded her breathing. *Id.* at 25. The defense also put into evidence a letter that the victim had written to Jackson, while Jackson was in jail awaiting trial, suggesting that her statements to police were inaccurate.

The court found Jackson guilty of strangulation and simple assault[1] and sentenced him to 18 to 36 months' incarceration, with credit for time served. Following the reinstatement of his direct appeal rights, we affirmed the judgment of sentence in October 2020. *Commonwealth v. Jackson*, 241 A.3d 368 (Table) (Pa.Super. October 6, 2020). Jackson did not seek a discretionary appeal in our Supreme Court.

In February 2021, Jackson filed the instant PCRA petition, and the court appointed counsel. Counsel filed a supplemental PCRA petition claiming that the victim had recanted her statements to police. The petition included a certification from the victim that Jackson "never strangled her, did [sic] put his hands on her shoulders, but that her breathing was not restricted[.]" Supplemental Petition, filed 7/6/21, at ¶ 19. Jackson claimed the evidence was previously unavailable and exculpatory.

---

[1] 18 Pa.C.S.A. §§ 2718(a)(1) and 2701(a)(1), respectively.

The court issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907. It explained that it found Jackson's claim meritless because "the inconsistencies or recantations made by the victim were included at [Jackson's] trial." Trial Court Memorandum Opinion, filed 11/29/21, at 4. The court pointed out that at trial, defense counsel introduced the letter from the victim to Jackson. The court characterized the letter as "seemingly recanting" the victim's statements to police. The court also noted that this Court had affirmed Jackson's challenge to the sufficiency of the evidence, and on that basis concluded that the issue had been previously litigated. Jackson did not respond to the court's Rule 907 notice, and in February 2022, the court dismissed the petition. This timely appeal followed.

Jackson raises one issue for our review: "Whether the PCRA court abused its discretion in not holding an evidentiary hearing regarding [Jackson's] attempt to offer evidence that the victim recanted her testimony[.]" Jackson's Br. at 7 (unpaginated) (suggested answer omitted).

This appeal is moot because we cannot afford Jackson relief. An appeal is moot if any ruling we entered would have no practical force or effect. *See Commonwealth v. Bricker*, 41 A.3d 872, 881 (Pa.Super. 2012).

To be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). This is required even if the petitioner was initially incarcerated at the time of filing but has completed their sentence. *See Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (affirming denial of PCRA relief for

- 3 -

petitioner who was incarcerated at the time of filing the PCRA petition but had completed his sentence by the time the PCRA court held a hearing on the matter). "The time of filing a petition is not the same as the time that a decision is rendered regarding eligibility for relief." *Id.*

We could not grant relief in this case because Jackson is not "currently serving" a sentence. On January 9, 2019, the court sentenced Jackson to 18 to 36 months' incarceration, with credit for time served from April 5, 2018 to January 9, 2019. The court did not impose a probationary tail and the sentence was not consecutive to another sentence. Therefore, Jackson finished serving his sentence in this case in April 2021.

Because Jackson is no longer serving a sentence for this case, any order we might enter would, as a practical matter, have no effect. This appeal is moot. *See Ahlborn*, 699 A.2d at 720.

Furthermore, even if the appeal were not moot, Jackson would not be entitled to relief. We do not agree that this issue was previously litigated, as the issue before us now is Jackson's after-acquired evidence claim, and the issue on direct appeal was the sufficiency of the evidence.

We nonetheless would affirm because the after-acquired evidence claim fails. To obtain relief under the PCRA on such a claim, the petitioner must demonstrate that the new evidence: "(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a

new trial were granted." ***Commonwealth v. Small***, 189 A.3d 961, 972 (Pa. 2018).

The victim's recantation statement is insufficient to meet this standard because Jackson has made no effort to show that he could not have obtained it before the end of his trial by the exercise of due diligence. Indeed, the victim's cross-examination testimony at trial included a statement that her breathing was not restricted. It is also corroborative and cumulative of her cross-examination testimony, and because her trial testimony was conflicting, and included testimony similar to her recantation statement, we cannot say that it would be likely to result in a different outcome at a new trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2023